## UNITED STATES v. NATIONAL DISCOUNT CORPORATION.

### No. 6718.

Circuit Court of Appeals, Seventh Circuit.

June 9, 1939.

**612**

James R. Fleming, of Fort Wayne, Ind., Luther M. Swygert, of South Bend, Ind., Alexander M. Campbell, of Fort Wayne, Ind., and Elbert H. Loyd, of Chicago, Ill., for appellant.

Walter A. Rice, of South Bend, Ind., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

On April 29, 1937, the Government seized a Ford automobile at Gary, Indiana, while it was being used for the conveyance and removal, and for the deposit and concealment of, ten gallons of non-taxpaid alcohol with intent to defraud the United States of its lawful tax thereon and in violation of the Internal Revenue laws of the United States. 26 U.S.C.A. § 1441(b) (3).

After seizure, the Government proceeded against the car for forfeiture under 26 U.S.C.A. § 1624, but upon the filing by the National Discount Corporation of a claim, accompanied by an approved bond, the case was transmitted to the United States District Attorney for proceedings of libel for forfeiture.

After the libel was instituted appellee filed its intervening petition under 27 U.S.C.A. § 40a alleging that the car had been sold to Robert Spiegel by the Chet Bryant Motors, Inc., under a conditional sales contract, that this contract had been assigned to appellee in good faith after a complete investigation of the character and reputation of the purchaser.

At the trial the grounds for forfeiture were conceded. At the conclusion of the evidence, the court decreed a forfeiture to the United States, but allowed appellee's claim and directed the return of the car to it under conditions hereinafter set forth.

The court found the facts specially and rendered its conclusions of law thereon, substantially as follows: The vehicle described in the libel of information was at the time of its seizure by officers of the Bureau of Internal Revenue being used in the conveyance and removal and for the deposit and concealment of untaxpaid alcohol, it being admitted that the car was seized with untaxpaid liquor in it and confiscated by the proper Alcohol Tax Unit Officers. The claimant has an interest in the vehicle on account of a contract which was purchased by it on or about March 30, 1937, for valuable consideration, and there is now due on contract $525.12. The value of the car has been appraised at less than the amount of the lien on the car. Before purchasing the contract, the intervenor inquired of a credit bureau that made investigations for merchants and finance companies, and received no detrimental information regarding Robert Spiegel, the purchaser of the car. The intervenor before purchasing the contract did not call any law enforcement officials to inquire as to the record or reputation of Robert Spiegel as a violator of state or federal liquor laws. However, in a few days thereafter, possibly five days, its suspicions were aroused because mail addressed to the purchaser was returned, and it then called the Sheriff of Lake County, and received a favorable report as far as there being any record against Robert Spiegel. It then called the Police Department at Gary, Indiana, and the Sergeant in charge said he did not have time to investigate the record. He was not very courteous, stating that as far as he knew there was no record against Robert Spiegel, but he would not step to the Clerk's office to investigate. At the time of the purchase of the contract, Robert Spiegel's reputation in the community in which he lived in Gary, Lake County, Indiana, was that of a "bootlegger," but the intervenor had no knowledge of that fact at the time it purchased the paper. Robert Spiegel was convicted in 1932 for possession of intoxicating liquors; he was convicted in the City Court of Gary, Lake County, Indiana, on a charge brought by the State of Indiana for the possession of intoxicating liquor, March 17, 1938.

The court concluded that the vehicle should be forfeited to the United States of America; that the claim of appellee should be allowed; and that the vehicle should be returned to appellee upon payment of all expenses incident to the seizure and forfeiture incurred by the United States. The court thereupon entered its decree in accordance with the conclusions, and from it this appeal is prosecuted.

The principal question here involved is whether the court correctly allowed appellee's claim and ordered the automobile returned to it. The determination of this question depends upon the construction of subsection (b) (3) of section 40a, Title 27

of the United States Code, 27 U.S.C.A. § 40a (b) (3):

" * * * if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

We think it is clear that under this section of the statute the court has no discretionary power to omit or mitigate the forfeiture in such cases, until it is proved that the claimant made such inquiry as to the owner's record and reputation, of some one or more of the officers named in clause (3), and until the claimant had received a negative answer to such inquiry. It is here admitted that such inquiry was not made before the claimant acquired his interest. However, appellee contends, and it is admitted that it did make such inquiry and received a negative answer thereto within four or five days after it had acquired its interest in the automobile, and it urges that this fact constituted a substantial compliance with the statute.

▮▮ We concede that to hold otherwise would work a hardship in some cases, and it is quite true that under the evidence in this case it might appear inequitable to enforce the strict letter of the law against this particular claimant. The District Court obviously believed this to be true. However, we are here dealing with *power* instead of *equity,* and we are called upon to construe the statute for future as well as present application. We think it is obvious that Congress intended that this stat-

ute should be literally complied with. To construe it otherwise would open the door for lawfully doing those things which the statute intended to prevent. We have no doubt that the inquiry which appellee made and the answers which it received would have been a sufficient protection to it if they had occurred previous to the acquiring of appellee's interest. It may be true that these same officers might have given the same answers if the inquiries had been made previous to the transfer of interest. The record is silent as to this phase of the controversy. Without in any manner questioning the veracity of the officers to whom the inquiry was addressed, we repeat that we are interpreting this law for future as well as present application, and it must be construed in such manner as to carry out the intention of Congress with respect to all classes of such officers, reputable or otherwise. Moreover, it is admitted that the officer of the city court of whom inquiry was made, was not very courteous, perhaps due to the fact that he was busy, and declined to inspect the records of that court. It develops that in that court's records at that time there was a judgment of conviction against the owner of the automobile with respect to a violation of the liquor law. Of course, appellee was not called upon at the time he talked to this officer to pursue the investigation in the Clerk's office, but we refer to this fact as a basis for not assuming that appellee would have received the same answers to its inquiries if it had made them previous to the transfer of interest. The officer in question might not have been so busy or he might have been better disposed if the inquiry had been made at the time provided by the statute. Again, if it had inquired at the time provided by the statute it might not have found either one of these officers, and in that event it was its duty to inquire of some one of the other officers named. If it had done so under the circumstances named, it is quite probable that it would have received quite different information. We do not refer to these matters for the purpose of intimating that appellee should have made further inquiry or that it should have made inquiry of other persons, but we refer to them for the purpose of showing that there is no safe basis for us to assume that appellee would have received the same answers to its inquiries from the same officers had it made such inquiry at the time provided by the statute.

There seems to be a contrariety of opinion in the construction of this statute, more particularly in the district courts. It is needless to discuss these cases. We approve the construction of Judge Lindley in United States v. One 1933 Ford V-8 Coach, D.C., 14 F.Supp. 243. We think the court under the circumstances here presented was without authority to exercise any discretion in the matter and that appellee was not entitled to the relief granted it.

We are further of the opinion that the recent decision of the Supreme Court in United States v. One 1936 Model Ford etc.; and United States v. Automobile Financing, Inc., 59 S.Ct. 861, 83 L.Ed. —— (May 22, 1939) lends no aid to appellee's contention. In both of those cases proper inquiry was made at the time provided by the statute. In the instant case such inquiry was not made.

The judgment is reversed for further proceedings not inconsistent with this opinion.