## UNIVERSAL CREDIT CO. v. UNITED STATES.

### No. 4600.

Circuit Court of Appeals, Fourth Circuit.

May 6, 1940.

George C. Hampton, Jr., of Greensboro, N. C. (C. L. Shuping and Shuping & Hampton, all of Greensboro, N. C., on the brief), for appellant.

Fred E. Strine, Atty., Department of Justice, of Washington, D. C. (Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., and George F. Kneip, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

SOPER, Circuit Judge.

The District Court entered a judgment of forfeiture to the United States, free of the claims of all persons whatsoever, of an automobile which had been seized while being used on a public highway in North Carolina in the removal and concealment of distilled spirits with intent to defraud the United States of the taxes due thereon. A claim to the car set up by the appellant, the Universal Credit Company, based upon a conditional sales contract, was thereby overruled. The contract had been executed by the purchaser of the car in order to secure payment of the balance of the purchase price in the sum of $698, and had been assigned by the seller to the claimant. At the time of the seizure the sum of $503 was due and owing by the purchaser.

The claim was filed by the Credit Company under the terms of § 204 of the Liquor Law Repeal and Enforcement Act of August 27, 1935, Ch. 740, 49 Stat. 872, 878, 27 U.S.C.A. § 40a. This Act confers jurisdiction upon federal district courts, upon certain conditions, to remit or mitigate the forfeiture of any vehicle seized for violation of internal revenue laws relating to liquor. When the interest of the claimant of the vehicle arises out of a contract with another person, who also has an interest in the vehicle and a record or reputation for violating laws of the United States or of any State relating to liquor, the court's power to act depends upon certain conditions which include the requirement that the claimant, before acquiring his interest, shall have been informed upon inquiry at the headquarters of certain law enforcement officers that such other person has no such record or reputation.[1]

The District Judge found that the purchaser of the car had such a record and such a reputation, and that the claimant had not fully complied with the stated con-

---

[1] Section 204 (b) of the Act is as follows:

"(b) Conditions precedent to remission or mitigation. In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then re-

dition, and therefore concluded that the court was without power to remit or mitigate the forfeiture, although the claimant had made inquiry of divers persons with regard to the purchaser and had received no information indicating that he was engaged in violation of the liquor laws. The failure of the claimant resided solely in the fact that it was not informed in answer to its inquiry, that the purchaser had no reputation for violating the laws of the United States or of any State relating to liquor. Inquiry was made of the sheriff of Forsyth County and of the chief of police of Winston-Salem, North Carolina, where the purchaser lived, and also of the investigator in charge of the Alcohol Tax Unit at Charlotte, North Carolina. The investigator in charge made no response to the inquiry. The sheriff and the chief of police answered that the purchaser had no record, but they said nothing about his reputation. The replies received would have been sufficient to confer jurisdiction upon the court had they also stated that the purchaser had no such reputation; but in the absence of the receipt by the claimant of favorable information on this point, the court was without power to grant the claimant's petition. As we pointed out in United States v. One Hudson Coupe, 110 F.2d 300, 302, both record and reputation are necessarily subjects of inquiry and information, and "it should by now be an elementary proposition that subsection (d) of this statute grants to the trial court discretion to refuse or grant remission or mitigation only when the statutory conditions have been fulfilled". See also, United States v. One Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1936 Model Ford, 4 Cir., 93 F.2d 771; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498; C. I. T. Corp. v. United States, 4 Cir., 86 F.2d 311; United States v. C. I. T. Corp., 2 Cir., 93 F.2d 469; United States v. National Discount Corp., 7 Cir., 104 F.2d 611.

The plaintiff contends that it acted with due diligence and perfect good faith, since it had no information as to the bad record or reputation of the purchaser, and made all of the inquiries required by the Act, and received only favorable replies as to the purchaser's record. It insists that it had the right to assume that the purchaser not only had no record, but no reputation

for violating the liquor laws, for otherwise the responsible officers of the law would have divulged it. But the power of the court to remit a forfeiture does not depend solely upon the claimant's good faith. In addition, in order to confer jurisdiction upon the court, specific inquiries must be made and specific information must be received by the claimant as to both record and reputation, before he acquires his interest in the vehicle. In this procedure reputation and record are on the same footing. It is easy to understand why this should be so, for it is common knowledge that violators of the liquor law are frequently well known by reputation, especially to the enforcement officers, long before proof sufficient to bring about conviction and imposition of sentence is available. We do not question the claimant's good faith or its willingness to cooperate with the officers of the law, but we have no power to relax the express provisions of the statute, and the judgment of the District Court must therefore be affirmed.

---

sided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of

such other person, that such other person has no such record or reputation."