DOLEN (CLEEK, INTERVENER) *v.* STATE.

SALTS (CROWE, INTERVENER) *v.* SAME.

(*Nashville*, December Term, 1943.)

Opinion filed March 4, 1944.

T. R. BANDY, of Kingsport, for intervening petitioners.

JOHN HEISKELL and THOMAS H. MALONE, III, Assistant Attorneys-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court dismissing an appeal from a judgment of the Commissioner of Finance and Taxation dismissing, after a hearing, intervening petitions filed in these two cases, in which the petitioners claim to be innocent lienors of two automobiles which the State Department of Finance and Taxation had confiscated when the drivers were found to be transporting unstamped whisky. As suggested, the claims of petitioners were disallowed after a full hearing before the Commissioner and his holding has been sustained by the Circuit Court. By Chapter 119 of the Public Acts of 1941, authority is conferred upon the Department of Finance and Taxation to confiscate and sell vehicles found transporting untaxed liquor. It is not disputed that the drivers of these automobiles were so engaged and they neither have nor assert rights in this proceeding. It is not questioned that the petitioners had valid liens

on the automobiles, but it was held by the Commissioner, and affirmed by the Circuit Court, that petitioners were not entitled to re-possess the automobiles because they had failed to comply with the provisions of Item Third, Section 2 of Chapter 119 of the Pub. Acts of 1941, which sets forth certain essential requirements, the performance of which is a condition to the recovery of the automobiles by lienors. These requirements are three in number, being as follows:

" (1) That he has an interest in such vehicle, aircraft or boat, as owner or otherwise, which he acquired in good faith; (2) That he had at no time any knowledge or reason to believe that it was being or would be used in the violation of Laws of the United States or of the State of Tennessee relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle, aircraft or boat, that before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal Internal Revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial

standing of such other person, that such other person had no such record or reputation.''

As before stated, it is conceded that petitioners have met requirements (1) and (2), as above set forth, but it is, on the other hand, conceded that petitioners did not comply with the requirement (3).

Upon the call of this case in this court, petitioners suggested diminution of the record and by consent time was allowed for the filing of a complete transcript of the proceedings in the lower courts setting out the testimony before the Commissioner. This transcript has now been filed, but, as we understand the contention here and now presented, it is unnecessary to review this testimony or consider the contents of this transcript. The issue for determination on this appeal has been reduced by the statements and admissions of the briefs in the case to a question of law arising upon the agreement as to what the determinative facts are.

As hereinabove shown, it is conceded for petitioners that they did not comply with subsection 3 of items three of Section 2 of the Act, as above set forth. It is the contention of petitioners that the language of this subsection is not mandatory, but directory only, and that if it is to be construed as mandatory it places an unreasonable burden upon petitioners and contravenes constitutional rights.

Specifically, we understand petitioners to admit in their brief that they did not make inquiries at any of the various law enforcement agencies concerning the character or financial standing of the purchasers of the automobiles which were involved, insisting, first, that they were ignorant of such requirements and, secondly, that

it was not the intention of the Legislature to place such a burden upon them.

Counsel for petitioners cite an annotation in 124 A. L., R., at page 288, on the subject of "Property used in violating liquor law." This annotation follows a report of the case of *United States* v. *National Discount Corp.*, 7. Cir., 104 F. (2d), 611, 124 A. L. R., 283. The opinion in this case deals with a situation quite similar on its facts to that here presented and supports the holding of the lower courts in this case. The act under consideration in that case was the Federal Act, which is identical with the Tennessee statute before us, being Chapter 119, Sec. 2, Public Acts 1941. See 18 U. S. C. A., Sec. 646, formerly 27 U. S. C. A., Sec. 40a(b), popularly cited as "40a."

While this court has not heretofore had before it for construction our State Act of 1941, this identical Federal Act has been considered, not only in the case hereinbefore cited as reported in 124 A. L. R., but in several other Federal decisions. See *United States* v. *One Hudson Coupe, 1938 Model,* 4 Cir., 110 F. (2d), 300; *United States* v. *Federal Credit Co.,* 5 Cir., 117 F. (2d), 341; *United State* v. *One 1937 LaSalle Sedan,* 10 Cir., 116 F. (2d), 356; *Universal Credit Co.* v. *United States,* 4 Cir., 111 F. (2d), 764; *United States* v. *One 1939 Model DeSoto Coupe,* 10 Cir., 119 F. (2d), 516; *United States* v. *Cook-Border Motor Co.,* 89 F. (2d), 648; *Wilson Motor Co.* v. *United States,* 9 Cir., 96 F. (2d), 29.

These cases hold that all three of the recited requisites must be complied with and proof thereof must be made, to wit, (a) interest in the car, (b) good faith and lack of knowledge of any prior record or reputation for liquor law violation, and (c) inquiry of designated officials.

It is held that the third subsection complained of by petitioners does not impose an undue hardship on automobile vendors or lienors, that the requirement therein set forth merely adds "the bootleg hazard" to the investigation commonly made of credit risks. It is said in one or more of the opinions that the statute must be rigidly complied with or else the door would be opened for the doing of the thing intended by the statute to prevent, that is, sales of cars to bootleggers.

Analyzed, the requirment under consideration is that before a person sells a car or otherwise acquires a claim against it, he shall be informed in answer to his inquiry, at the headquarters of the Sheriff, Chief of Police, or principal Federal enforcement officer in the jurisdiction or locality in which the purchaser or party who will operate the car resided and in which the claimant has made inquiry as to the character or financial standing of such claimant that such person or purchaser had no record or reputation as a liquor law violator.

We find nothing in this requirement which is unreasonable, and we think it plain that the requirement is mandatory and that compliance with it is exacted by the statute.

While the holdings of the Federal courts hereinbefore cited are not directly binding upon this court, in construing our State statute, the language of the Acts being identical, these holdings are strongly persuasive.

In the comprehensive brief filed in this court by the Assistant Attorney General, an exhaustive review is made of these Federal authorities, with copious quotations from the opinions dealing with the various points which we have summarized herein.

Some of the cases appearing in the annotation in 124 A. L. R., above cited, which contain expressions at variance with the views expressed in those cases to which we have referred, are not applicable here, based, as they are, upon other Federal acts dealing with other conditions and situations, and with the rights arising under these other enactments. The brief of counsel for the State quotes from 124 A. L. R., at page 291, this summary by the Annotator of the recognized rule:

"There is no question as to the right of the United States to forfeit a vehicle engaged in removing, depositing, or concealing liquor on which taxes have not been paid, and this right of forfeiture is clear even as against lessors, mortgagees, and conditional vendors having no knowledge of such use; and this being so, it follows that an innocent lessor, mortgagee, or conditional vendor desiring the return of a forfeited vehicle must comply strictly with the provisions of Section 40a."

While the Annotator is referring to the pertinent section of the Federal Act, the statement is equally applicable to the Tennessee Act under consideration.

Since petitioners concede that they failed to make the inquiries and receive the information as required by subsection (3) of the Act, and since we are constrained to hold that these requirements are mandatory and are not unreasonably burdensome, it results that the judgment of the Circuit Court must be affirmed.

All concur.