## UNITED STATES v. ONE 1941 CADILLAC SEDAN, MOTOR AND SERIAL NO. 5367924.

## VALENTI v. UNITED STATES.
### No. 8623.

Circuit Court of Appeals, Seventh Circuit.
Oct. 20, 1944.

Oscar B. Thiel and Herbert J. Morris, both of Gary, Ind., for appellant.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., James E. Keating, U. S. Atty., of South Bend, Ind., H. Hugh Kennerk, U. S. Atty., of Fort Wayne, Ind., and Tom C. Clark, Asst. Atty. Gen., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

The District Court decreed the forfeiture of a Cadillac car, 1941 make, which had been seized while transporting non-tax paid liquor. The court denied the claim of intervener, appellant herein, who contends the evidence conclusively showed her to have had an interest in the car. In fact, she asserts she is the sole owner of said Cadillac. It was as the owner of an interest in the car that she based her right to intervene, and her contention that the instant proceedings were invalid because not duly and properly authorized by the Commissioner of Internal Revenue. She appeals from the decree sustaining the libel.

Controlling the disposition of this appeal, the evidence established these facts. Prior to the institution of the libel growing out of the use of the automobile for conveying untaxed liquor, one Steve Valenti, appellant's husband, was charged with the crime of "transporting nontax paid moonshine whiskey." He pleaded guilty to this charge. At the same time the car was seized and the instant libel proceedings were instituted, a monition was issued, the car possessed, appellant intervened, gave a bond which

was approved, and the possession of the car was surrendered to her.

In her intervening petition, appellant alleged that the car belonged to her; that she acquired it in good faith; that she did not know and had no reason to believe it was being "used in violation of the laws of the United States" relating to liquor.

The applicable statute, 18 U.S.C.A. § 646 (b), reads:

"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, * * *."

Upon the controverted fact issues, the court found in substance:

Upon the 9th day of October, 1943, Steve Valenti was in possession of the 1941 Cadillac sedan in the city of Gary, Indiana, and was using the car to transport non-tax paid whiskey in violation of the Internal Revenue Laws of the United States.

Appellant was not the true and lawful owner of the full title to said car.

Appellant never acquired an interest in said above described motor vehicle in good faith.

Appellant married Steve Valenti in 1928 and the records of the City Court at Gary, Indiana, where appellant and her husband lived, show that Steve Valenti was arrested and brought into that court for liquor violation in 1922, 1923, 1924, and 1926; that on one charge for liquor violation in 1923, he was fined and sentenced to six months' imprisonment. The records of the Criminal Court show that in the year 1931, while appellant was living with said Steve Valenti he was arrested on a charge of violating a state liquor law in Indiana. From 1940 to 1943, Valenti was a partner in the operation of a tavern and daily participated in its business. Appellant had reason to believe that the motor vehicle would be used in violation of the laws of the United States relating to liquor.

It is appellant's contention that the evidence wholly fails to support the finding that she never acquired an interest in the above described motor vehicle in good faith. She also argues that no evidence supports the finding that appellant had reason to believe the car would be used in violation of the laws of the United States.

On the assumption that she owned the car or that she had "an interest in such vehicle as owner or otherwise which she acquired in good faith" she contends that the libel failed to allege, and the proof failed to show, there was a valid authorization of the suit as provided by Section 3740, 26 U.S.C.A.Int.Rev.Code. In other words, it is argued that the evidence fails to show that the Commissioner of Internal Revenue authorized, or sanctioned the libel proceedings or that the Attorney General directed its institution.

■ It is clear, under the statute, that appellant was required to show that she had "an interest in such vehicle *as an owner or otherwise* which she acquired in good faith." Otherwise she has no standing in court to assail the validity of the libel proceedings.

The evidence showed that appellant was married to Valenti in Italy in 1928, at which time her father gave her a dowry of $20,000 which she invested in real estate upon coming to the United States. She still holds the real estate and makes use of the car in management of it. Out of her dowry she purchased a LaSalle car which was turned in and the exchange value applied on the Cadillac car here involved. At the time of the exchange, the certificate of registration of title was issued to her and remained in her name. At the time of the purchase of both cars her husband alone signed the instalment notes and he alone paid the instalments. He also paid $150 on the Cadillac car at the time of the exchange. The cost price of neither car was shown. Appellant never drove the car.

Assuming, for the purpose of the argument, that appellant had "an interest" in the vehicle "as owner or otherwise" and that "it was acquired in good faith," she was still required "to prove" that she, at no time, had "any knowledge or reason to believe" that it was, or would be "used in violation of the laws of the United States."

■ Upon this factual issue the evidence justified the court in making the finding that appellant had reason to believe the motor vehicle would be used by her husband in violation of the laws of the United States. It is true, the evidence would have justified a contrary finding. Yet we can

not say there was no evidence to support the court's finding. It was the trial court's duty to make the finding; ours to say whether there exists substantial evidence to support it.

Some guidance to both this and the District Court is to be found in the opinion of the Court in United States v. One Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249, where the following appears:

"Manifestly, section 204 [18 U.S.C.A. § 646] is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. * * * The section must be liberally construed to carry out the objective. * * * If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application."

Moreover, it has been held, United States v. Automobile Financing Co., 5 Cir., 99 F.2d 498; Beaudry v. United States, 106 F.2d 987, that the granting of the remission authorized by Section 204 is discretionary. See also, United States v. National Discount Corp., 7 Cir., 104 F.2d 611, 124 A.L.R. 283. We are unable to say that the exercise of sound discretion by the trial judge was lacking.

This brings us to the remaining contention of appellant, namely, that the proof fails to show the instant suit was duly authorized.

We are convinced that, upon the record before us, appellant can not raise this contention in this court on the record before us. In her intervening petition she admitted "that the matter set forth, and the allegations, made in said libel are within the jurisdiction of this court." No contention was by her advanced in the District Court that the libel proceedings were not authorized.

Moreover, we are of the opinion that in the absence of the issue being raised specifically by intervener's petition, the court will presume that the action of the United States attorney in bringing such suit was authorized. May v. United States, 8 Cir., 236 F. 495.

Then, too, Section 5 of Executive Order 6166, Approved June 10, 1933, Codified as Sections 124–132 of Title 5, U.S.C.A. reads:

"Claims by or against the United States. * * *

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice."

The United States attorney is a part of the Department of Justice. He must be presumed, in the absence of evidence to the contrary, to have acted within his authority. Considering the nature of the proceedings, the far flung activities of the Department of Justice, it would be contrary to the words themselves and also to the practical application of the aforesaid executive order, to deny to the U. S. Attorney authority to institute these proceedings.

The decree is affirmed.