McCANLESS *v.* PEARSON.

(*Nashville,* December Term, 1949.)

Opinion filed June 9, 1945.[1]

[1]Designated for Publication March 17, 1950.

ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for plaintiff in error.

WALKER & HOOKER, of Nashville, JOHN T. SHEA, of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Commissioner of Finance and Taxation has appealed from a judgment of the circuit court of Davidson

County sustaining the petition of appellee, Mrs. Velma C. Pearson, for the writ of certiorari and supersedeas, and ordering a certain automobile restored to her possession. This automobile was confiscated by the Commissioner after it had been seized by the State Highway Patrol when it was loaded with several cases of whiskey. The whiskey belonged to her husband, John Pearson, on which no State tax had been paid. At the time the liquor and the automobile were seized the automobile was being driven on a State highway by a Negro boy by the name of Jasper Haynes, a personal servant of Mr. and Mrs. Pearson. The liquor was not being transported at the time in interstate commerce.

Later, Mrs. Pearson filed a petition before the Commissioner seeking the possession of this 1942 Lincoln Zephyr sedan automobile, which had been seized in Crockett County. Her petition claimed that she owned the automobile; that it was given to her by her husband, John Pearson; that she had no interest in the whiskey being transported therein; that she had not authorized the use of the automobile for that purpose; that she had no knowledge or reason to believe the automobile would be used to transport whiskey in violation of the law; that the interest she asserted in the automobile did not arise out of and was not in any way subject to a contract with any person who had a record or reputation for violating the laws of the United States or of any state relating to liquor; that the search and seizure were unlawful and in violation of her constitutional right to be free from unreasonable searches and seizures.

There is no controversy about the facts of this transaction. Practically all of the material facts were adduced from appellee's witnesses, and none of these wit-

nesses contradicted each other in any material regard. Since there is no controversy about the facts, the decree of the circuit court is reviewable as a question of law.

We agree with appellee that the case of *Dolen* v. *State*, 181 Tenn. 31, 178 S. W. 2d 387, has no application here. That case turned on the construction of Item Three of Section 6648.27 of Williams' Code, Vol. 4, 1944 Pocket Supplement and not on subsection 3 of Item Three, as hereinafter set out. In that case, the seller, who afterwards sought to enforce his lien, did not make the inquiry about his purchaser's reputation as a liquor law violator, as required by the statute. This Court held, however, that the Act was constitutional.

The appellee insists that in the instant case there was no reason for her to make any inquiry about Jasper Haynes because she did not give him permission to use the automobile or know he had it.

We cannot agree with this contention of the appellee. The driver of this automobile was an employee of John Pearson, the husband of the appellee. He was born on the Pearson farm and had worked for the Pearsons all his life. There are three Pearson brothers, John, the husband of the appellee, Doyle Pearson and Tommy Pearson. These three brothers all have the general reputation of being bootleggers. Jasper Haynes said that he had, during his lifetime of work for them, hauled whiskey for them. This Negro driver had been convicted for violation of the whiskey laws of Tennessee upon at least two occasions. John Pearson, in addition to having the reputation of being a bootlegger, was convicted in 1937 for violating the liquor laws.

It appears that Haynes kept one of the keys to the automobile and had free access to it and that Mrs. Pearson drove it very little. It further appears that this

automobile bore an "A" card and was entitled to only three gallons of gasoline a week, but had been driven on an average of five hundred miles a week since its purchase and gift to Mrs. Pearson.

Haynes testified that on the morning of the day he was caught he took the back seat out of the automobile, and after noticing that the gas tank, which held about eighteen gallons, was approximately one-half full, he drove the car down to the Mississippi State line on Highway 78 and got the load of whiskey and started back to Milan, Tennessee, to deliver it to a colored boy there. He stated that on this occasion he did not ask the appellee for permission to take the car. However, it seems that he used the car whenever he wanted to and sometimes he took it on long trips.

The whiskey being transported belonged to John Pearson, appellee's husband, and as soon as Haynes was arrested he telephoned to Mr. Pearson. Mr. Pearson did not testify in the case.

We think the conclusion is inescapable that appellee knew that the automobile was being used for this unlawful purpose, that she comes under the provision of Section 6648.27 of Williams' Code, and that she must have had knowledge or reason to believe that the automobile was being used or would be used in violation of the laws of the United States or of the State of Tennessee relating to liquor.

Subsection 3 of Item Three of Section 6648.27 of Williams' Code, Vol. 4, 1944 Pocket Supplement, provides, among other things, as follows:

"Whenever in any proceeding under this act, a claim is filed for any vehicle, aircraft or boat seized, as hereinabove provided, the commissioner shall not allow the

128

claim unless and until the claimant proves: (1) That he has an interest in such vehicle, aircraft or boat, as owner or otherwise, which he acquired in good faith; (2) *That he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of the State* of Tennessee relating to liquor, . . ." (Italics ours.)

It should be borne in mind that the appellee in her petition for possession of this car did not enjoy the presumption of innocence which obtains in a prosecution for a criminal offense, but was subject, on the contrary, to a presumption against her contention that she had no knowledge or reason to believe that her car was being or would be used in the violation of the liquor laws. A *prima-facie* case was made out against her innocence in this regard by the facts heretofore mentioned that the car seized when transporting liquor belonged to her and was being driven by her servant to whom she had furnished a key and given unlimited permission to drive the car whenever he chose, as he testified, and that the gasoline being used had been procured and furnished by her, as he also testified, in violation of the Federal regulations governing the use of gasoline during the War emergency. Certainly, these facts raise a strong presumption against the appellee, by analogy to that which arises when one is found to be in possession of stolen property. In all such cases, a burden rests heavily on the accused to establish to the satisfaction of the jury an absence of knowledge of the source of the property and an absence of circumstances which would charge the accused with the duty of investigation.

Moreover, the appellee was chargeable with knowledge that the general reputation of her husband and his

brothers, for whom the Negro driver of this car was working, was that of bootleggers, which was established beyond dispute. It is inconceivable that this wife was not aware of this reputation. Certainly, she knew that this car was being driven on an average of five hundred miles a week and that this was wholly inconsistent with any ordinary family use.

Finally, we think that the failure of the appellee to put on the stand her husband in support of her claim of lack of knowledge of the unusual extent to which this car was being driven and the uses to which it was being put raises a further presumption that his testimony would not have supported her claim. He knew better than any other person whether or not his wife was informed of the use to which this car was being subjected and whether or not he had been concealing from her the nature of this use. We think there can be no doubt on this record that the Commissioner, sitting as a trial court and hearing and seeing the witnesses, reached the correct conclusion.

There is no merit in the contention that the search was unlawful, the highway patrolmen not having a search warrant. The testimony discloses that at the time Haynes was running at a high rate of speed, and the patrolmen stopped the automobile and saw the whiskey, which was not covered up, in the back part of it.

For the reasons stated, we think the decree of the circuit court is erroneous and it is reversed.

All concur.