199 F.2d 450
 UNITED STATES,
v.
ONE 1951 FORD PICK-UP 3/4 TON TRUCK et al.
 No. 10725.
 United States Court of Appeals Third Circuit.
 Argued Oct. 9, 1952.
Decided Oct. 27, 1952.
 
 I. Finkelstein, Philadelphia, Pa. (Clarence J. Mattioli, Hammonton, N.J., on the brief), for appellant.
 W. Thomas McGann, Asst. U.S. Atty., Newark, N.J. (Grover C. Richman, Jr., U.S. Atty., Samuel Cohen, Attorney in Charge, Alcohol and Tobacco Tax Division, Newark, N.J., on the brief), for appellee.
 Before MARIS, KALODNER and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by Hammonton Investment and Mortgage Company, the holder by assignment of a conditional sale contract on a Ford pickup truck, from the order of the district court denying its petition for remission of forfeiture of the truck which had been seized while being used in the operation of an illicit distillery. The petition was filed under 18 U.S.C. 3617. The truck had been purchased by Thelma V. Marks, wife of Thomas J. Marks, from the Hy-Way Motor Service of Egg Harbor City which had assigned the contract to the petitioner which financed the sale. The district court found, on ample evidence, that Thomas J. Marks was the actual purchaser of the truck and that the petitioner knew the facts which pointed to Marks as the real party in interest but did not prior to accepting the assignment make the inquiry required by Sec. 3617 as to his record or reputation for violating the liquor laws although it is clear that Marks had such a record. Under the express language of Sec. 3617 such a prior investigation was a condition precedent to a remission of the forfeiture where the owner did in fact have such record or reputation. United States v. National Discount Corporation, 7 Cir., 1939, 104 F.2d 611, 124 A.L.R. 283; United States v. One Hudson Coupe, 1938 Model, etc., 4 Cir., 1940, 110 F.2d 300; United States v. Federal Credit Co., 5 Cir., 1941, 117 F.2d 341; Commercial Credit Corporation v. United States, 8 Cir., 1949, 175 F.2d 905; Aetna Finance Co. v. United States, 10 Cir., 1951, 191 F.2d 63.
 
 
 2
 United States v. One 1936 Model Ford V 8 Coach, 1939, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, is not authority to the contrary, for in that case the finance company claimant did not know that the ostensible purchaser was only a straw party and not the real purchaser. Its investigation of the ostensible purchaser who had no record or reputation for liquor violations was accordingly held sufficient under the statute. Here, however, the petitioner knew that Thomas J. Marks was the real purchaser but it made no prior inquiry as to his record or reputation for such activities although he had been previously convicted three times for illicit distilling activities. It follows that the district court rightly denied the petition for remission of forfeiture.
 
 
 3
 The order of the district court will be affirmed.