DICKINSON *v.* ROSS.

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

° HENRY C. FOUTCH, Assistant Attorney General, for plaintiff in error.

JACK NORMAN, of Nashville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The agents and representatives of the Department of Finance and Taxation seized a certain 1950 Buick Four-Door Sedan, the property of John Henry Ross, on the ground that it was being used by Ross in transporting untaxed whiskey in violation of law.

On October 8, 1952, there was a formal hearing before the Commissioner upon application of the said Ross to have the automobile returned to him. At this hearing the Commissioner dismissed the petition and entered an order directing that the automobile be confiscated and sold in conformity with the provisions of Chapter 119 of the Public Acts of 1941, as amended, upon the ground that the accused by his own testimony admitted that he

possessed and transported the whiskey in question at the time of the seizure and that he was the sole owner of the automobile which had been seized by the officers. The judgment of the Commissioner reads as follows:

"The record shows that the above automobile was seized from Petitioner by Alcohol Investigator Watkins, October 6, 1952, upon being apprehended and searched without search warrant and found to contain two gallons of untaxpaid whiskey in violation of provisions of Chapter 230, Code of Tennessee. The offense constituted a misdemeanor, not a felony.

"Following established procedure of Department of Finance and Taxation, relative to hearings upon proceedings to recover vehicles seized under the provisions of the above Chapter, the Commissioner placed upon the Petitioner the initial burden to show title to his car and in direct consequence of this ruling, Petitioner's testimony furnished the proof, which the Department had lacked, to validate the seizure and confiscation for a misdemeanor."

Thereafter a petition for certiorari was filed in the Circuit Court seeking a review of the ruling made by the Commissioner. At the conclusion of the trial in the Circuit Court the order of the Commissioner was reversed and an order entered for the return of the said motor vehicle to the petitioner. A motion for a new trial was seasonably made and overruled, following which the Commissioner was granted an appeal and has assigned errors.

The only question made in the assignments of error is that the petitioner having admitted his guilt of unlawfully transporting whiskey and ownership of the automobile it was error for the trial judge to refuse to order its confiscation and sale. In other words he should have sustained the order of the Commissioner.

The record shows conclusively (1) that the arrest of the petitioner by the agents of the State Department of Finance and Taxation was unlawful because the search of the automobile was made without a search warrant; and (2) that at the time the petitioner testified before the Commissioner, that he was the sole owner of the car and guilty of violating the law, no objections were made thereto.

The proceeding for the confiscation and sale of the petitioner's automobile was followed by the Commissioner as provided by the statute above referred to. Section 6648.25, Supplement to the Official Code of 1950. According to the provisions of this statute the burden was upon the petitioner to prove his ownership of the automobile and also at the time it was seized by the officers he had no knowledge "that it was being * * * used in the violation of laws of the United States or of the State of Tennessee relating to liquor".

It is a settled rule of law in this State that where a defendant is on trial under an indictment for the unlawful transportation of whiskey and voluntarily testifies to the facts of his guilt he waives any objection to the search warrant. *Hood* v. *State,* 148 Tenn. 265, 255 S. W. 51; *Kelley* v. *State,* 184 Tenn. 143, 197 S. W. (2d) 545; *Thompson* v. *Carson,* 186 Tenn. 170, 208 S. W. (2d) 1019; *McCanless* v. *Pearson,* 190 Tenn. 123, 228 S. W. (2d) 84.

Able counsel for the petitioner, appellee, seeks to find a ground for avoiding the holding of the Court in the above cases by making the contention that "When the Defendant in Error appeared before the Commissioner, *he was ordered and required* by the Commissioner to take the stand at the opening of the hearing." The argument is further made by counsel:

"This is the first question in this lawsuit. If a search and seizure is admittedly invalid and unlawful,—if the defendant's rights have been admittedly transgressed,—can a representative of the State of Tennessee *order him to testify* when he seeks the return of his property which has been illegally taken from him, and then when he responds to his oath with the truth, hold that his truthfulness will excuse the unlawful action of the agents in searching and seizing his property." (Emphasis ours.)

■ With all deference to counsel we find nothing in the record to justify even an inference that the Commissioner *ordered and required* the petitioner to take the stand and testify in his own behalf. All the Commissioner did was to state that he *"placed upon the petitioner the initial burden to show title."* This was in strict conformity with the plain provisions of the statute. No objection was made by the petitioner's counsel, who was present and examined him with much detail. Moreover he could have taken the stand and proved his ownership by exhibiting his title papers and otherwise offering additional competent testimony, and when the opposing counsel undertook to cross-examine him about his alleged unlawful acts the petitioner could have refused to testify as provided by the Fifth Amendment to the Constitution of the United States. He would have been well within his rights in so doing. Of course only the petitioner could have possibly testified as to any lack of knowledge by him that the car was being used at the time to transport whiskey. Lacking proof of such knowledge the Commissioner could not have done otherwise than dismiss his petition for the return of the automobile.

The testimony of the agents and representatives of the Department of Finance and Taxation also testified (without any objection by the defendant's counsel) regarding the alleged unlawful search of petitioner's car. Had this evidence been objected to and excluded (as it should have been) there would have been no proof of any violation of law, had the petitioner claimed immunity under the Fifth Amendment to the Constitution.

The assignments of error are sustained. The judgment of the trial court is reversed, and the petition for certiorari is dismissed.