GENERAL MOTORS ACCEPTANCE CORPORATION

*v.*

Z. D. ATKINS, Commissioner.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Rehearing denied May 1, 1959.

HENRY C. FOUTCH, Assistant Attorney General, for plaintiff in error.

JACOBS H. DOYLE, Nashville, for defendant in error.

Tomlinson, Justice, and Neil, Chief Justice, dissented on petition to rehear.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a confiscation case involving a 1956 Oldsmobile automobile, seized in Humboldt, Gibson County, while unlawfully engaged in the transportation of intoxicating liquors.

After the Department of Finance and Taxation had confiscated this car General Motors Acceptance Corporation filed a petition to recover the car and a cost bond as required by law.

At the hearing before the Commissioner of Finance and Taxation this officer entered an order confiscating the automobile in question. The defendant took the case to the Circuit Court of Davidson County by *certiorari* and *supersedeas* as authorized by statute. A hearing resulted and the Circuit Court judge reversed the

Commissioner and ordered the automobile in question restored to the purchaser. The State has appealed.

It seems this car was sold by the dealer at Humboldt to a colored woman by the name of Annie Lee Crigler, and the dealer accepted a number of conditional sales notes payable in thirty-six monthly installments of $100.50 each, and totalling $3,618.

The Humboldt dealer then sent this contract to the Jackson office of the General Motor Acceptance Corporation for transfer and one of the young ladies in the office at Jackson called the Alcohol and Tobacco Tax Unit of the United States at Nashville, and the report from the Nashville office was that Annie Lee Crigler and her husband had no record of violating the liquor laws nor had they had a reputation of violating the liquor laws.

Now, it seems that the General Motors Acceptance Corporation did not call the State Department of Finance and Taxation, neither did it interrogate the Sheriff of Gibson County, or Chief Police of Milan.

The pertinent Section is 57-623, T.C.A., which reads as follows:

"Whenever in any proceeding under secs. 57-622—57-627, a claim is filed for any vehicle, aircraft or boat seized, as hereinabove provided, the commissioner shall not allow the claim unless and until the claimant proves: (1) That he has an interest in such vehicle, aircraft or boat, as owner or otherwise, which he acquired in good faith; (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United

States or of the state of Tennessee relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any state relating to liquor has a right with respect to such vehicle, aircraft or boat, that before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his office or agent, was informed, in answer to his inquiry *at the headquarters of the sheriff, chief of police, principal federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement,* of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation.''

It is conceded that the Acceptance Corporation did not call the Chief of Police at Humboldt, or the Sheriff of Gibson County, or the Department of Finance and Taxation at Nashville. However, it might be said that the Chief of Police of Humboldt and the Sheriff of Gibson County testified before the Commissioner in this case, the Chief of Police stating that Annie Lee Crigler had no record nor had he any information of her engaging in the liquor business and the Sheriff testified that he did not know Annie Lee Crigler.

This is a very drastic statute under which the State proceeds and it should be borne in mind that it has been held both in the Federal Courts and in the State Courts that forfeiture statutes are to be strictly construed. 23 Amer.Jur. p. 601, sec. 5; 37 C.J.S. Forfeitures sec. 4, p. 8.

The State relies on the case of *Dolen v. State,* 181 Tenn. 31, 178 S.W.2d 387 and *McQueen v. McCanless,* 182 Tenn. 453, 187 S.W.2d 630. In both cases the automobiles were confiscated from persons having a record or · reputation and the claimants failed to make the inquiry as to the record and reputation from the designated officials as set out in the above Section quoted being 57-623 of the Code.

The case now before us is reverse because the claimant was not required to do so because the purchaser had no record nor reputation as a law violator, it did inquire not only as to the purchaser's record and reputation but as to her husband also. The whole contention in this matter rests on the construction of Sub-section (3) of this Statute. It is the insistence of the State, that the Corporation, before it is entitled to have remission, must investigate through all the agencies listed and the Corporation's insistence is that the construction of the Statute requires only one agency to be interrogated.

The Statute states that the Acceptance Corporation must be informed in answer to its inquiry at the headquarters of the sheriff, chief of police, principal federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer of the locality in which such other person acquired his right under such contract or agree-

ment, of the locality in which such other person then resided. The word "or" is a disjunctive particle.

We are therefore of the opinion that the Acceptance Corporation purchased these notes in good faith after they made inquiry as to liquor violations, to the proper office.

It results that we find no error in the judgment of the lower court and it is affirmed.

BURNETT, JUSTICE (concurring).

I feel constrained to file a brief concurring opinion herein expressing my reason for concurring with the conclusion of the majority.

In *Dolen v. State,* 181 Tenn. 31, 178 S.W.2d 387, this Court first construed the Act of the Legislature here in question. As I read this case (*Dolen v. State*) this Court followed *United States v. National Discount Corp.,* 7 Cir., 104 F.2d 611, 613, 124 A.L.R. 283, which opinion passed on the Federal Act which is identical with the Tennessee Act.

In the case followed, *United States v. National Discount Corp., supra,* that Court said of the section involved herein that the Court had no discretion "to omit or mitigate the forfeiture in such cases, until it is proved that the claimant made such inquiry as to the owner's record and reputation, of some *one or more* of the officers named in clause (3), * * *".

Thus it is that since inquiry was made herein of at least one of the officers I think this clearly sufficient if we are following this case (*United States v. National Discount Corp.*)

Any language to the contrary in the Dolen case is the purest dictum. The question here involved was not before the Court in the Dolen case. A reading of the Dolen case plainly says this Court is following the case of *United States v. National Discount Corp.*, and like cases.

It is for this reason that I concur with the majority conclusion.

On Petition to Rehear.

PREWITT, JUSTICE.

The Commissioner has filed a petition to rehear, but we are of opinion that same is without merit, and is accordingly overruled.

NEIL, CHIEF JUSTICE, and TOMLINSON, JUSTICE, dissent.

TOMLINSON, JUSTICE (dissenting).

In upholding the action of the Circuit Court in setting aside the order of the Commissioner, we failed, in my opinion, to give effect to Title 57-624 T.C.A., providing that in this confiscation matter "the action of the commissioner of finance and taxation may be reviewed by petition for common law *writ of certiorari* * * *." This means, of course, that if there is any substantial evidence to sustain the order of the Commissioner the Courts are without authority to disturb that order. There is such evidence in this record.

An unemployed Negro woman in Humboldt, she being the wife of a man who had the reputation of being a bootlegger, executed a note of $3,000, more or less, in payment on the purchase price of an automobile with title retained therein to secure its payment. As a part

of financing the deal, this note became the property of General Motors Acceptance Corporation. Subsequently this automobile was seized by state officers as contraband goods because it was being used by this bootlegging husband for the illegal transportation of whiskey.

After it was turned over by these officers to the Commissioner of Finance and Taxation for sale as contraband, as required by 57-623 T.C.A., the General Motors Acceptance Corporation filed a claim for it. In order to successfully maintain that claim it was necessary for this company under the requirements of the statute to *"prove*(s) that he (it) has an interest in such vehicle * * * as owner or otherwise, *which he (it) acquired in good faith"*. (Emphasis supplied.) See paragraph 3 of the third article of 57-623 T.C.A.

In *McQueen v. McCanless,* 182 Tenn. 453, 465-466, 187 S.W.2d 630, 634, it was held that it was mandatory upon such claimant to "show by proof (1) that he has an interest in the car; (2) good faith and lack of knowledge of any prior record or reputation for liquor law violation; *and* (3) that he (it) made proper inquiry of officials mentioned in the statute". (Emphasis supplied). The word "and" in this quotation is emphasized to bring out the fact that inquiry of a certain official alone is not sufficient, according to this decision. The claimant must also "prove" "good faith".

The officials of whom the office of such claimant is required to make inquiry are "the headquarters of the sheriff, chief of police, principal federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law-enforcement officer

*of the locality* in which such other person acquired his right.'' (Emphasis supplied.)

This claimant is located at Jackson in West Tennessee. That city is relatively close to Humboldt where this Negro woman and her bootlegging husband lived. Inquiry of the sheriff of Gibson County or of the chief of police of Humboldt, we may be assured, would have procured an answer, either before or after investigation, that this was an unemployed Negro woman whose husband was a bootlegger.

This claimant is presumably a prudent business person. Notwithstanding, it made no inquiry of these local officials, nor was any inquiry made of the federal officers or offices at Jackson or at Memphis. Instead the claimant went to an entirely different section of the State where the information was least likely to be, as claimant should have known. Certainly this was not an inquiry, within the spirit of the statute, of an office or officer in the ''locality'' in which claimant acquired its right.

The federal statute and the state statute under consideration here are identical. As heretofore noted, this Court, speaking of the state statute, holds that the claimant must prove that he acquired the automobile in good faith. The same burden rests upon him under the federal decisions where it is held that ''the claimant has the burden of proof as to * * * show[ing] that he acquired his interest in good faith''. *United States v. C. I. T. Corp.*, 2 Cir., 93 F.2d 469, 470. See 124 A.L.R., page 292, where other such holdings are cited.

The evidence, in my opinion, viewing it in the light most favorable to the claimant, is sufficient to justify a

finding upon the part of the Commissioner that claimant has not carried the burden of proof as to showing that he acted in good faith. Therefore, this Court is without authority under the mandate of this statute, in my opinion, to disturb the Commissioner's order disallowing the claim of General Motors Acceptance Corporation.

For the reason stated, my opinion is that the Commissioner's petition to rehear should be sustained, the judgment of the Circuit Court reversed, and the order of the Commissioner reinstated. Therefore, I respectfully dissent from the majority opinion to the contrary.