863 F.2d 1021
 274 U.S.App.D.C. 332
 PUBLIC SERVICE COMPANY OF NEW MEXICO, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
City of Gallup, New Mexico, Intervenor.
CITY OF GALLUP, NEW MEXICO, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Public Service Company of New Mexico, Intervenor.
 Nos. 86-1311, 86-1313.
 United States Court of Appeals,
District of Columbia Circuit.
 Dec. 23, 1988.
 
 Catherine C. Cook, General Counsel, Jerome M. Feit, Sol., and Joseph S. Davies, Deputy Sol., F.E.R.C., were on the suggestion, for respondent.
 Prior Report: D.C.Cir., 857 F.2d 833.
 Before WALD, Chief Judge, and ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 
 
 1
 ON RESPONDENT'S SUGGESTION FOR REHEARING EN BANC.
 
 ORDER
 
 2
 Respondent's Suggestion for Rehearing En Banc has been circulated to the full court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing it is
 
 
 3
 ORDERED, by the Court en banc, that the suggestion is denied.
 
 FOR THE COURT:
 CONSTANCE L. DUPRE
 Clerk
 
 4
 A statement of Circuit Judge D.H. GINSBURG is attached.
 
 
 5
 Separate statement by D.H. GINSBURG, Circuit Judge, in which RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS and SENTELLE, Circuit Judges, join:
 
 
 6
 Respondent FERC suggests that the court rehear this case en banc. FERC objects solely to Part II of the panel opinion insofar as it indicates that this court may excuse the failure of a petitioner for review to raise an issue first before FERC if doing so would have been "futile." Because the outcome of the case need not rest on the challenged ground, and because FERC does not object to the panel's alternative ground of decision, I join in the court's decision to deny the suggestion for rehearing. I note, however, that the panel's apparent recognition of a futility exception to the statutory requirement that arguments be raised first before FERC, in addition to being unnecessary to the resolution of the case, does not state or supplant the law of this circuit.
 
 
 7
 * The judicial review provisions of the Natural Gas Act and of the Federal Power Act provide in pertinent part that "[n]o objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do ...." 15 U.S.C. Sec. 717r(b) (1982); 16 U.S.C. Sec. 825l (b) (1982) (emphasis added).
 
 
 8
 In ASARCO v. FERC, 777 F.2d 764, 774 (D.C.Cir.1985), we held that the exception emphasized above is not a mere restatement of the judicial exhaustion requirement, subject to the same exceptions. The court explained that its decision was
 
 
 9
 not incompatible with the holding of [Arkansas Power & Light v. FPC, 517 F.2d 1223 (D.C.Cir.1975) ], which rested not upon one of the ordinary exceptions to exhaustion (such as the futility of seeking relief from the agency ) but upon what the court regarded as acknowledgement by the agency, through subsequent revision of its practice, that its action under challenge had been unlawful. We do not have such an extraordinary situation before us.
 
 
 10
 777 F.2d at 774 (emphasis added). See also Village of Winnetka v. FERC, 678 F.2d 354, 357 n. 11 (D.C.Cir.1982) ("[the] suggestion that the filing of a rehearing petition would have been futile does not, on the record before us, constitute 'reasonable ground for failure so to do' ").
 
 
 11
 Nonetheless, in this case, the panel held that futility is a "reasonable ground" for failure to raise an argument before FERC, reasoning as follows:
 
 
 12
 While [in ASARCO we] resisted dilution of this requirement to a flexible exhaustion requirement, that is wholly beside the point. The crucial factor is that the statute itself excuses litigants from interposing an objection on rehearing if "there is reasonable ground for failure so to do."
 
 
 13
 Our opinion in ASARCO, of course, in no way alters this provision. And on the facts of this case, [petitioner] certainly had reasonable ground for omitting on rehearing a proposition the merits of which it twice had unsuccessfully pressed before the Commission [in other proceedings] during the last three years.
 
 
 14
 857 F.2d at 836 (footnotes omitted). The panel also held, however, that the result would be the same "even under the strict application of the ASARCO rationale since this is one of those 'extraordinary situation[s]' in which an agency has subsequently revised its practice." 857 F.2d at 836 n. 32.
 
 II
 
 15
 I am unpersuaded by the panel's attempt to distinguish ASARCO on the ground that that decision "in no way alters [the statutory] provision," 857 F.2d at 836, and is thus "wholly beside the point." 857 F.2d at 836. It would have seemed to me that the decision in ASARCO is the point.
 
 
 16
 In addition to being controlling, I believe that ASARCO was correctly decided. FERC oversees a complex body of laws; proceedings before it often involve multitudinous claims and parties. Resolution of the conflicts among the various competing considerations in a particular case is dependent upon FERC's ability to consider all the issues and arguments at once and in relation to each other. If a party could withhold from FERC some or all of its claims, hoping for whatever reason to receive more sympathetic treatment in court if FERC has not first had an opportunity to fault them, then "FERC's complex and multi-party proceedings would soon overwhelm the system," ASARCO, 777 F.2d at 774, and Congress's intention to commit to FERC rather than to the judiciary the interpretation and application of the laws regarding the generation and sale of energy would be seriously frustrated.
 
 III
 
 17
 Despite the foregoing disagreement with the panel's misreading of circuit precedent, I do not think that this case is an appropriate one for the court to rehear en banc. FERC's grievance is only with the panel's handling of the futility exception issue; FERC does not suggest that the panel erred in its alternative holding that the outcome would be the same under the "extraordinary situation" exception of ASARCO itself. Thus, even were the court to rehear the case and to accept all of FERC's arguments, the end result would remain unchanged. I do not conceive it to be a proper use of the court's resources to convene en banc in such circumstances.
 
 
 18
 Accordingly, I concur in the court's denial of respondent's suggestion for rehearing.