94 F.3d 647
 78 A.F.T.R.2d 96-6274, 96-2 USTC P 50,503
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John G. KITSOS, Defendant-Appellant.
 No. 96-1081.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 31, 1996.*
Decided Aug. 14, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 John Kitsos, pro se, failed to file income taxes for several years and, after the Tax Court determined that he owed deficiencies for those years, also failed to pay assessments which the Internal Revenue Service made against him. The IRS won a judgment under 26 U.S.C. §§ 7402 and 7403 that it was entitled to collect the assessments by foreclosing tax liens against a house which Mr. and Mrs. Kitsos fraudulently conveyed to the Universal Bible Church. This court affirmed the judgment, and imposed sanctions against Mr. Kitsos for filing a frivolous appeal. United States v. Kitsos, No. 91-2763, (7th Cir. July 16, 1992). Mr. Kitsos then moved under Fed.R.Civ.P. 60(b) to vacate the judgment on the ground that the district court lacked subject matter jurisdiction to proceed under 26 U.S.C. § 7401, because the Secretary of the Treasury and the Attorney General never authorized the government to proceed with the underlying action. The district court denied the motion after the government produced an authorization letter from the Secretary dated February 23, 1990, before the IRS filed the underlying action, and Mr. Kitsos appealed. We affirm.
 
 
 2
 On appeal, Mr. Kitsos concedes that the Secretary authorized the underlying action, but protests that there is no evidence that the Attorney General did so, as § 7401 requires. Because the government did not strictly comply with the statute, he argues, the judgment should be vacated and the underlying action dismissed as void.
 
 
 3
 This argument--a common ploy amongst tax protestors--lacks merit for several reasons. First, Mr. Kitsos in fact raised the government's alleged failure to comply with § 7401 in his answer to the underlying action. The district court struck the defense in an order dated December 5, 1990, and Mr. Kitsos failed to pursue it in his original appeal. "Under the doctrine of the law of the case, a ruling by a trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case." Schering Corp. v. Illinois Antibiotics Co., No. 96-1359, --- F.3d ----, 1996 WL 388785, * 1 (7th Cir. July 10, 1996). Consequently, because the theory is not new and Mr. Kitsos had the opportunity to pursue it on direct appeal, he is bound by the district court's original ruling. He may not use Rule 60(b) in an attempt to resurrect and re-litigate the theory after judgment. Williams v. United States Drug Enforcement Admin., 51 F.3d 732, 735 (7th Cir.1995).
 
 
 4
 Second, even if the district had erred in exercising its jurisdiction, the judgment would not be void. An erroneous exercise of jurisdiction voids a judgment only where the district court "usurped power by rendering a judgment over matters beyond the scope of authority granted to it by its creators." United States v. Zima, 766 F.2d 1153, 1159 (7th Cir.1985) (emphasis in original). The Zima rule exists precisely to forestall hypertechnical arguments like the one Mr. Kitsos raises now. Because district courts have jurisdiction to hear and power to render judgment over tax actions, the judgment against Mr. Kitsos would remain valid even if the exercise of jurisdiction were erroneous. United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir.1996).
 
 
 5
 Finally, the district court correctly concluded that the documentary evidence shows the underlying action was proper. The government produced a letter of authorization from the IRS District Counsel to the Assistant Attorney General in the Tax Division of the Department of Justice; a Tax Division attorney and the United States Attorney for the Northern District of Illinois then filed suit against Mr. Kitsos. The very fact that the United States Attorney, a delegate of the Attorney General for purposes of instituting tax foreclosures, 28 U.S.C. § 574(4), filed the complaint to commence the underlying action is sufficient to satisfy the jurisdictional requirements of § 7401. United States v. Walters, 638 F.2d 947, 951 (6th Cir.1981); see also United States v. One 1941 Cadillac Sedan, 145 F.2d 296, 299 (7th Cir.1944). The United States Attorney's appearance in the case is sufficient to show that the Attorney General authorized the action, unless Mr. Kitsos meets the burden of proving that the United States Attorney lacked authority to proceed. He failed to do so. Therefore, no additional documentary proof is necessary.
 
 
 6
 The government also urges that we refuse to accept this appeal because Mr. Kitsos has not yet paid the sanctions we imposed following his original frivolous appeal. Because the district court found that Mr. Kitsos filed his Rule 60(b) motion in good faith, and because he has professed willingness to pay the sanctions, we take no further action at this time. We warn Mr. Kitsos, however, that if he persists in not paying the sanctions, he risks forfeiting his ability to continue litigating through an order forbidding him to file legal documents in any court within this circuit until all sums have been paid. Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.R. 34(a), Cir.R. 34(f)