## UNITED STATES v. ONE 1935 DODGE RACK-BODY TRUCK, MOTOR NO. T—13—6444; LICENSE 138—957.

### Appeal of COMMERCIAL CREDIT CORPORATION.

No. 233.

Circuit Court of Appeals, Second Circuit.

March 8, 1937.

Dills, Muecke & Schelker, of New York City (Berthold Muecke, Jr., and M. G. Golden, both of New York City, of counsel), for appellant.

Ralph L. Emmons, U. S. Atty., and B. Fitch Tompkins, Asst. U. S. Atty., both of Syracuse, N. Y.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On December 17, 1935, government internal revenue agents seized a Dodge

truck which was being illegally used in violation of the internal revenue laws relating to liquors. A libel for its forfeiture under section 3450, Rev.St. (26 U. S.C.A. §§ 1156, 1441), was filed. ·The appellant, a claimant having an interest in the truck under a conditional sales contract of which it is the assignee, answered, denying the material allegations of the libel and prayed for a remission or mitigation of the forfeiture under the provisions of 27 U.S.C.A. § 40a (a). Later the claimant withdrew such portions of its answer as denied the material·allegations of the libel and relied wholly upon its alleged right to remission or mitigation. A decree of forfeiture was entered; the claimant's prayer for remission or mitigation denied; and this appeal followed.

Section 40a (a) of 27 U.S.C.A. provides in so far as now relevant as follows:

"(a) *Jurisdiction of court.* Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) *Conditions precedent to remission or mitigation.* In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

It was found that the. claimant had acted in good faith in taking the assignment of·the conditional sales contract and that subdivisions (1) and (2) of the above-quoted statute had been satisfied but that the owner did have a reputation for violating the liquor laws. As compliance with subdivision (3) was not shown, remission or mitigation of the forfeiture was denied.

 The truck was seized when in the possession of one John Bradt who had purchased it in March, 1935, at Schenectady, N. Y., of a dealer there who had taken his note for part of the purchase price secured by the conditional sales contract which with the note was transferred to the claimant. This made the locality of Schenectady a place where, if inquiry had to be made at all, inquiry must have been made to comply with that .part of the statute providing for it in "the locality in which such other person acquired his right under such contract or agreement." Subdivision 3. The claimant made no inquiry at all in that locality as to Bradt's record or reputation. Bradt resided in Albany. That fact made the locality of Albany a place of inquiry provided any had to be made. The claimant received no definite response upon inquiry at the headquarters of any federal officer at Albany and made no inquiry whatever at the headquarters of the Albany chief of police but did inquire at the headquarters of the sheriff ʼwhere a response was received that was treated below, and will be here, as one to the effect that Bradt had ·no record or reputation for violating liquor laws, state or national.

Some other inquiries were made at Albany and at Troy, N. Y., but, as they only tend to show good faith on the part of the claimant and ˙are immaterial in view of the failure to make any inquiry

at all in the locality of Schenectady, they will not be further noticed. As Schenectady and Albany are not in the same county, inquiry at the headquarters of the sheriff at Albany cannot be taken to have been inquiry at the headquarters of the sheriff of the locality of Schenectady.

Although the statute under which this claim was made does not in terms require the court to remit or mitigate the forfeiture, it does give exclusive jurisdiction to do so, making the exercise of such jurisdiction subject to certain conditions precedent. While even if such conditions are fulfilled a claimant does not have the absolute right to remission or mitigation, he does have the right then to invoke the exercise of the court's discretion. That discretion is a judicial one as distinguished from action merely arbitrary and capricious and so it is subject to review if, though only if, it has been abused. The claimant relies on cases like Supervisors of Rock Island County v. United States, 71 U.S. (4 Wall.) 435, 18 L.Ed. 419, and United States Sugar Equalization Board, Inc., v. P. De Ronde & Co. (C.C.A.) 7 F.(2d) 981, 985, to show that the court's duty to remit or mitigate upon proof of fulfillment of the conditions precedent was absolute and not discretionary, but they are not in point, as they deal with administrative duties imposed by law which are positive and absolute, though imposed by language merely permissive in form and do not apply to matters of judicial discretion.

There was testimony given by a government agent that the owner of the truck had "been in the alcohol business and speakeasy business" for the last eight or nine years. It is true that the witness assumed to speak only of the fact of such engagement in the liquor business and did not testify directly as to reputation, but we are not prepared in a review limited as this is to an abuse of discretion to deny the trial judge the right to infer under such circumstances that such reputation existed as put the claimant upon inquiry under the statute.

That inquiry had to be made at the headquarters of certain persons named which included two local officers and one federal officer "or other principal local or Federal law-enforcement officer of the locality. * * *" Being in the alternative, the language shows the intent of Congress to limit remission or mitigation of a forfeiture under subdivision (3) to cases where there is proof that such a negative response was made upon inquiry at the headquarters of a local officer named or at the headquarters of the principal local enforcement officer if designated by some other name; or at the headquarters either of the principal federal internal-revenue officer engaged in the enforcement of the liquor laws or those of the principal federal law enforcement officer of the locality. That is to say, inquiry need not be made at the headquarters of all the officers mentioned, as the trial judge apparently thought, but that a negative response obtained upon inquiry at the headquarters of any one of them in each locality where inquiry must be made at all will fulfill the minimum of the conditions precedent to remission or mitigation under subdivision (3).

Though the District Judge may here thought it incumbent upon the claimant to show an unnecessarily extensive inquiry in a particular locality to fulfill the conditions precedent to give the court the right to exercise its discretion to remit or mitigate the forfeiture, that was at most harmless error, for the claimant did not in fact show fulfillment, as there was a complete lack of inquiry in one of the localities where inquiry was essential.

Affirmed.