## UNITED STATES v. ONE 1936 MODEL FORD COACH AUTOMOBILE.
### No. 2647.

District Court, W. D. South Carolina.
Sept. 8, 1937.

Thomas A. Wofford, and Edward P. Riley, Asst. U. S. Attys., both of Greenville, S. C., for the United States of America.

J. Wilbur Hicks and Hicks & Johnston, all of Greenville, S. C., for Commercial Credit Co.

WYCHE, District Judge.

On April 14, 1937, deputy sheriffs of Pickens county, S. C., seized a 1936 model Ford coach automobile motor No. 18—30-70826, which was being illegally used by one Hubert Surratt in violation of the internal revenue laws relating to liquor.

608

A libel was filed by the United States of America for the forfeiture of said car under section 3450 of the Revised Statutes of the United States (sections 1156, 1441, title 26 U.S.C.A.). The Commercial Credit Company, having an interest in the car under a conditional sales contract, of which it is assignee, answered, admitting the material allegations of the libel and praying for a remission or mitigation of forfeiture under the provisions of 27 U.S.C.A. § 40a.

The parties waived trial by jury, and the matter came on for hearing before me at Spartanburg, S. C., on August 4, 1937.

Subsequent to the trial, the following facts were stipulated by the parties:

"The car in question was sold on July 1, 1936, by the Greenville Auto Sales,-Incorporated, to one C. H. Riddle, who made a down payment on the purchase price of the car and gave his note and mortgage to secure the payment of the balance due. The note and mortgage were transferred to the Commercial Credit Company, hereinafter referred to as the claimant.

"Mr. Riddle, being unable to meet the monthly payments on the car, decided to sell. J. B. Stansell a 'bootlegger' by reputation, though this fact was unknown to Riddle and to the claimant, appeared and offered to buy the said car. Stansell and Riddle went together, with good faith on the part of Riddle, to the claimant for a transfer of the title of the car, the note and mortgage covering the same, from Riddle to Stansell.

"Before accepting Stansell as a purchaser and mortgagor of the said car, the claimant made an investigation of Stansell, during which they inquired at the office of the Sheriff of Greenville County, and also at the office of the Chief of Detectives for the City of Greenville, the City and County where all the parties resided and all interests were acquired, as to whether or not Stansell had a record for violating the liquor laws. At each of the above named places the claimant was told that Stansell had no such record. No investigation was made of Stansell's record or reputation for violating the liquor laws through the Clerk of the Federal Court or any of the principal Federal law enforcement officers, and no investigation was made at the offices of the Sheriff or the Chief of Detectives of Stansell's reputation for violating the liquor laws.

"On the 10th day of February, 1937, after the aforesaid investigation, the sale from Riddle to Stansell was completed and the car delivered to Stansell, who assumed and agreed to pay the balance due claimant on said note and mortgage."

Claimant has an interest in the motor vehicle, and such interest was acquired in good faith without any knowledge or reason to believe that the automobile was being or would be used in violation of the laws of the United States, or of any state relating to liquor.

Claimant made the necessary inquiry as to the record of Stansell for violation of the liquor laws, but failed to make inquiry at the headquarters of the officers, or any of them named in the statute, as to his reputation for violation of the liquor laws, and because of such failure did not comply with the requirements of subdivision 3, subsection (b) of 27 U.S.C.A. § 40a, and for this reason I am not permitted to strike out the forfeiture. C. I. T. Corporation v. United States of America (C.C.A.) 89 F.(2d) 977. The petition of claimant for remission or mitigation of forfeiture is therefore denied.

Counsel may present in due course an appropriate order in accordance with the views expressed in this opinion.