**UNITED STATES v. ONE 1937 LA SALLE SEDAN AUTOMOBILE, MOTOR NO. 2,234,769, et al.**

**No. 2170.**

Circuit Court of Appeals, Tenth Circuit.

Dec. 14, 1940.

Whit Y. Mauzy, U. S. Atty., and Joe W. Howard, Asst. U. S. Atty., both of Tulsa, Okl., for the United States.

Hugh Ownby, C. A. Warren, and Ownby & Warren, all of Tulsa, Okl., for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

The United States brought this action under 26 U.S.C.A. Internal Revenue Code, § 3321, for the forfeiture of one 1937 La-Salle Sedan automobile and other property.

The automobile was purchased by John L. Enochs on March 7, 1939, from Greenlease-Ledterman Motor Company, in Tulsa, Oklahoma. To cover the balance due on the purchase price Enochs executed and delivered his note in the sum of $595.-44, payable to the Interstate Securities Company,[1] an automobile finance company of Tulsa, Oklahoma, and to secure the payment of the note executed and delivered to the Securities Company a chattel mortgage on the automobile. There is a balance due on the note of $297.72.

The Securities Company relied upon the fact that it had theretofore carried automobile loans of Enochs which had been paid, assumed that he was a farmer and stockman near Jenks, Oklahoma, and made no investigation nor inquiry of the local officers charged with the enforcement of laws relative to intoxicating liquors as to the record or reputation of Enochs for violating state or federal laws relating to intoxicating liquors.

At the time the Securities Company took the note and mortgage, Enochs had a record for violating the laws relating to intoxicating liquors as follows:

On October 18, 1927, he was convicted in the District Court of the United States for the Northern District of Oklahoma at Tulsa, Oklahoma, for violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and sentenced to serve six months imprisonment and pay a fine of $100.

On October 2, 1928, he pleaded guilty in the same court to a violation of the National Prohibition Act, and was sentenced to imprisonment for two years in the United States Penitentiary at Leavenworth, Kansas.

On September 18, 1929, he pleaded guilty in the same court to a violation of the National Prohibition Act, and was placed on probation.

On June 9, 1936, he pleaded guilty in the same court to a violation of the Internal Revenue Liquor laws, and was sentenced to ninety days in jail.

On November 17, 1939, four investigators of the Alcohol Tax Unit of the Federal Bureau of Internal Revenue, at Tulsa, Oklahoma, seized an illicit distillery, several gallons of whiskey mash, and non-tax-paid whiskey at the residence of Henry J. Downer, in Sapulpa, Oklahoma. Enochs resided near Jenks, Tulsa County, Oklahoma. About one hour prior to the seizure, Enochs entered the Downer premises and parked the automobile near the Downer house. Shortly after the seizure, Enochs and Laverne Downer, son of Henry J. Downer, returned to the Downer premises in a truck containing several empty whiskey jugs. The agents had observed the Downer premises for two or three days and had seen Enochs there on two prior occasions and saw him leave the Downer premises in the automobile on the evening before the seizure. When informed of the latter fact, Enochs stated to the agents that had they stopped him then, he could have given them a drink. The agents found particles of sugar in the back of the automobile indicating that sugar had been hauled therein. Enochs

[1] Hereinafter referred to as the Securities Company.

and Henry J. Downer operated the still together. The value of the automobile is in excess of $500.

The Securities Company filed its answer and cross-petition in the forfeiture proceeding, set up its lien on the automobile, and prayed judgment for possession thereof.

The trial court found that the automobile had been used by Enochs in connection with a distillery used for the manufacture of nontax-paid intoxicating liquor; that Enochs had a criminal record for violating laws relating to intoxicating liquors, but due to the fact that several years had intervened since the last conviction the Securities Company was not required to make inquiry respecting his record for violating the laws relating to intoxicating liquors, and concluded that the Securities Company was entitled to mitigation of forfeiture.

From a judgment awarding the automobile to the Securities Company upon payment of $125, and storage charges and costs, the United States has appealed.

27 U.S.C.A. § 40a gives exclusive jurisdiction to the court to remit or mitigate the forfeiture of a vehicle seized for a violation of the internal revenue laws relating to liquors. Sec. 40a(b) imposes as a condition to remission or mitigation "if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract * * * under which any person having a record or reputation for violating laws of the United States or of any state relating to liquor has a right with respect to such vehicle" that the claimant prove "that, before such claimant acquired his interest, * * * the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract * * *, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

From the stipulated facts it appears that Enochs had a criminal record of four convictions in the United States District Court at Tulsa, Oklahoma, for violation of laws relating to liquors, covering the period from October 18, 1927, to June 9, 1936; that Enochs acquired his right under the contract at Tulsa in Tulsa County, Oklahoma, on March 7, 1939; and that the Securities Company made no inquiry at Tulsa concerning the record of Enochs for violation of state or federal laws relating to intoxicating liquors. There was no proof that it made such inquiry elsewhere. We cannot agree with the trial court that this record was too remote.[2] It covered a period of almost nine years, and extended up to within two years and nine months prior to the time the note and mortgage were acquired by the Securities Company. We think, under the circumstances, it was incumbent upon the Securities Company to prove that it made the requisite inquiry and received a negative answer.

While the statute is remedial and should be liberally construed, the trial court has discretion to grant or refuse remission or mitigation only when the statutory conditions have been fulfilled.[3]

Counsel for the Securities Company contend the facts did not justify forfeiture of the automobile. This point was not raised below. Furthermore, the facts stipulated warrant the inference that the automobile was used for the removal of nontax-paid whiskey and materials for the manufacture thereof.

Reversed and remanded with instructions to modify the judgment so as to deny mit-

---

[2] See United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 301, where the convictions were apparently five years before the lien was acquired;

United States v. O'Dea Finance Company, 8 Cir., 111 F.2d 358, 359, where the conviction was seven years before the lien was acquired.

[3] United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 302;

C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977, 978;

Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764, 766;

United States v. National Discount Corporation, 7 Cir., 104 F.2d 611, 613;

United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613, 615;

United States v. One Ford V-8 Truck, D.C.Wash., 23 F.Supp. 608, 610.

igation to the Securities Company and award forfeiture of the automobile to the United States.