## UNITED STATES v. ONE FORD COUPE.
### No. 418.

District Court, M. D. Pennsylvania.

Sept. 6, 1941.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for United States.

John W. Crolly, of Scranton, Pa., for Midtown Motors, Inc.

JOHNSON, District Judge.

This is a petition to remit the forfeiture of a Ford coupe seized for the unlawful transportation of distilled spirits upon which the Federal Tax had not been paid.

The car involved was purchased by one Louis Buono of Passaic, Passaic County, New Jersey on December 16, 1939, from Midtown Motors, Incorporated, of Clifton, Passaic County, New Jersey. The sale was consummated in Clifton where the parties signed a conditional sales contract. This contract was immediately assigned and transferred to the Bank of Passaic and Trust Company, Passaic, New Jersey, the bank thereby acquiring, for a valuable consideration, all the right, title and interest held by Midtown Motors, Inc., Midtown Motors, however, guaranteeing payment upon the contract. About July 1, 1940, Midtown Motors repurchased the contract from the said bank, thereby reacquiring the complete right, title and interest in said car. May 20, 1940, by order of this court duly made, the car had been forfeited to the United States. Midtown Motors now seeks to gain possession of the car under the provisions of section 204 of the Liquor Law Repeal and Enforcement Act, 27 U.S.C.A. § 40a.

This section provides that the court shall not allow a claim for remission and mitigation of a forfeiture unless and until the claimant proves (1) that he has an interest in the vehicle acquired in good faith, (2) That he had at no time any knowledge or reason to believe that it was being or would be used in violation of the laws of the United States or of any state relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any state relating to liquor has a right with respect to such vehicle, unless and until claimant proves that before the claimant acquired his interest or such other person acquired his right, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry at certain headquarters specified that such person had no such record or reputation.

The claimant has made out a prima facie case by proving (1) and (2) above. It is then incumbent upon the United States to prove that some person with a record or reputation for violating State or Federal liquor laws has a right in the vehicle. When this is shown by the United States, the burden is then upon the claimant to prove that he made the inquiries of the persons required by (3) above and received an answer that such person had no record or reputation for violating these laws. Pittsburgh Parking Garages v. United States, 3 Cir., 108 F.2d 35; United States v. Ford Truck, 3 Cir., 115 F.2d 864; United States v. One Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249.

Assuming that Midtown Motors, the claimant here, has proved (1) and (2) above, subsection (3) must then be considered. The United States called as a witness one William Frank Cunningham, investigator in charge of the Alcohol Tax Unit for the State of New Jersey since 1934, who testified that prior to December 16, 1939 and up until the present time the reputation of Louis Buono among law enforcement officers of the State of New Jersey was that of a bootlegger. The United States Attorney further stated that he had subpenaed one Captain Eckhard, captain of the Passaic Police Department, Passaic, New Jersey, but he could not be reached because he was on vacation. Counsel for the claimant then agreed that if Captain Eckhard were called he would testify that he knew Louis Buono, that he is familiar with Buono's reputation among law enforcement officers of the state of New Jersey and of Passaic, and that Buono's reputation prior to and subsequent to December 16, 1939, has been that of a bootlegger. The United States has met its burden of proving that Buono had a record

or reputation for violating liquor laws by proving reputation among law enforcement officers: United States v. Ford Truck, 3 Cir., 115 F.2d 864.

The claimant must then show that it made inquiry at the headquarters of the sheriff, chief of police, principal Federal Internal Revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law enforcement officer of the locality in which Buono acquired his right under the contract, of the locality in which Buono then resided, and of each locality in which Midtown Motors has made any other inquiry as to the character or financial standing of Buono, and in each instance learned that Buono had no record or reputation for violating liquor laws: Subsection (3) of 27 U.S.C. § 40a.

■ The subsection requires inquiry of only one of the above-mentioned officers, since they are named in the alternative: United States v. One Ford Coach, supra; United States v. Federal Credit Co., 5 Cir., 117 F.2d 341; United States v. One 1935 Dodge, etc., 2 Cir., 88 F.2d 613. However, it does require inquiry from one such officer (1) in the locality where the sale was consummated, (2) in the locality where the purchaser resides, and (3) in any other locality where the dealer makes an investigation of the character and financial standing of the purchaser, and in each instance, the inquiry must be concerning record and reputation: United States v. One Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. Ford Truck, 3 Cir., 115 F.2d 864; Pittsburgh Parking Garages v. United States, 3 Cir., 108 F.2d 35; United States v. Federal Credit Co., 5 Cir., 117 F.2d 341.

The testimony produced by Midtown Motors at the hearing showed that the only investigation made at the time of sale, December 16, 1939, was a telephone call by Midtown Motors through a Mr. Brooks to the police department of Clifton, New Jersey, the locality where Buono acquired a right in the car. The police department was asked if Buono had any police record for violation of liquor laws and the reply was in the negative. Trial Record, pages 3, 4, 9, 10. The credit agency of the Bank of Passaic & Trust Company, finance company for Midtown Motors, also made an investigation of Buono. This concerned identity, employment, finances and character, asking specifically about his character for honesty and fair dealing. The report showed character good as to honesty and fair dealing, under remarks noted a good personal reputation, no derogatory legal record in the finance company's files, named three references under "Credit Record", all of Passaic, none of whom refer to Buono's record or reputation for violating liquor laws. Claimant's Exhibit No. D, Trial Record, pages 31 and 32.

■■ The inquiry of the Clifton Police Department was defective because no inquiry was made as to Buono's reputation as a liquor violator. The inquiry made by the credit agency of the Bank of Passaic and Trust Company was defective because no inquiry was made as to reputation of Buono for violating liquor laws. No investigation whatsoever was made of any of the designated officers in Passaic, the locality where Buono resided. Regardless of the proximity of Clifton and Passaic, Clifton will not be considered the locality of Buono's residence for the purpose of the investigation required by this subsection (3). See United States v. Federal Credit Company, 5 Cir., 117 F.2d 341–343. Claimant's position is not strengthened by its exhibit No. F, a certificate from the Clerk of Courts of Passaic County, New Jersey under date of September 30, 1940, stating that Buono for ten years prior to September 26, 1940, had no record of conviction in that court for violation of state liquor laws, because the inquiry was not made until nine months after the transaction with Buono, and because at the most it is directed at the question of record and not reputation. The inquiry to be sufficient under the statute must concern both record and reputation and must be made before Buono acquired his right or before the Midtown Motors acquired its interests: 27 U.S.C.A. § 40a, subsection (b) (3).

■ Because the claimant made no inquiry concerning Buono's reputation for violation of liquor laws, and because it made no inquiry in the locality of Buono's residence concerning record for violating liquor laws, and because it made inquiry concerning Buono in Passaic, New Jersey, but did not inquire from those sources concerning his record and reputation for violating liquor laws, the claimant has failed to perform its duties under the Act and its petition for remission and mitigation of the forfeiture must be denied.