### UNITED STATES v. ONE 1950 FORD SEDAN AUTOMOBILE, etc.

#### Civ. A. No. 1531.

United States District Court
E. D. Tennessee, N. D.
Jan. 30, 1951.

Otto T. Ault, U. S. Dist. Atty., Chattanooga, Tenn., Ferdinand Powell, Jr., Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Richard F. Douglass, Lewis B. Bolt, Jr., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

The problem presented here is one of statutory interpretation. The described automobile was forfeited under 26 U.S.C.A. § 3321, because of its use in violation of the internal revenue laws. The claimant, Manufacturers Acceptance Corporation, purchaser of the conditional sales contract from the dealer concededly met all of the conditions precedent to a remission of the forfeiture with the exception of proper inquiry. At the place where timely inquiry was made, claimant was informed that the then owner of the automobile had no "record" as a violator of the liquor laws. No inquiry was made and no information was given as to whether the owner had a "reputation" as a liquor law violator. The question is whether the required inquiry extends to both record and reputation.

The Court is of the opinion that it does. Section 3617(b) of Title 18 designates the places at any one of which inquiry may be made by a person who intends to acquire an interest in the property. The duty of inquiry attaches only in the event the person who is the subject of inquiry had a record or reputation as a liquor law violator and had the record or reputation at the time the claimant acquired his interest. Here it has been proved that the conditional vendee had such a reputation at the time the claimant purchased the conditional sales contract. Under the language of the section, the duty of inquiry attached if it appeared that the conditional vendee had "a record or reputation", and the Court agrees with the Government's view that it attached if the conditional vendee had *either* a record *or* a reputation. The existence of a record alone would have established the necessity of inquiry. The same is true of a reputation. Webster defines "or" as "a coordinating particle that marks an alternative; as, you may read or may write." Webster's New International Dictionary, 2 ed. 1950. Where the alternative is thus presented, the existence of either will create the obligation of inquiry. As either will create the obligation, that obligation is not fully satisfied and removed until the inquiry has extended to both, for as long as one stands, the obligation stands. This is because they have equal power to create the obligation. It would have been satisfied here, had the claimant been informed that the conditional vendee "had no such record or reputation," that is, that the conditional vendee had *neither*.

The following cases, cited in the Government's brief, sustain the view that inquiry must be extended to both record and reputation: Universal Credit Company v. United States, 4 Cir., 111 F.2d 764; United States v. One Ford Coupe, D.C., 40 F.Supp. 540; and United States v. One 1936 Model Ford, D.C., 20 F.Supp. 607. In the Fourth Circuit case the court said: "In this procedure reputation and record are on the same footing. It is easy to understand why this should be so, for it is common knowledge that violators of the liquor law are frequently well known by reputation, especially to the enforcement officers, long before proof sufficient to bring about conviction and imposition of sentence is available." [111 F.2d 766.]

It has been urged on behalf of the claimant that the non-cooperative attitude of enforcement officers, shown with considerable clarity with respect to certain of them, has created an equity in favor of remission of the forfeiture. This would pose an appeal to the Court's discretion, if the matter were discretionary, but no discretion arises until all of the conditions precedent to remission have been complied with. United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1937 La Salle Sedan Automobile, 10 Cir., 116 F.2d 356; Universal Credit Company v. United States, 4 Cir., 111 F.2d 764. Because of the mandatory character of the statute, the Court has no choice but to hold that the remission must be denied.

Let an order be prepared accordingly.