**MANUFACTURERS ACCEPTANCE CORP.**
**v. UNITED STATES.**

No. 11397.

United States Court of Appeals
Sixth Circuit.

Decided Dec. 31, 1951.

Richard F. Douglass, L. B. Bolt, Jr., Knoxville, Tenn., on the brief, for appellant.

Otto T. Ault, Ferdinand Powell, Jr., Knoxville, Tenn., on the brief, for appellee.

Before HICKS, Chief Judge, ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant seeks remission of forfeiture, under the provisions of Section 3617, Title 18 U.S.Code, of the 1950 Ford Sedan automobile seized by the United States while transporting untax paid liquor in Knoxville, Tennessee, for violation of the provisions of Section 3321, Title 26 U.S.Code. The District Court denied the remission.

■ The statutory provisions for remission or mitigation of forfeiture include the requirement, among others, that the claimant, before acquiring his interest, be informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, or principal Federal internal-revenue officer engaged in the enforcement of the liquor laws that the owner of the automobile has no record or reputation for violating the laws relating to liquor. It is only necessary that the inquiry be made at one of the several places designated. United States v. One 1935 Dodge Rack-Body Truck, 2 Cir., 88 F.2d 613, 615; United States v. One Ford Coupe, D.C., 40 F.Supp. 540, 542. Appellant concedes that before acquiring its interest in the automobile it did not inquire concerning the record or reputation of the owner at either the headquarters of the sheriff or principal Federal internal-revenue officer engaged in the enforcement of the liquor laws in Knoxville. The evidence shows without contradiction that the Knoxville office of the Alcohol Tax Unit could not or would not give such information to one requesting it and would refer the party making the inquiry to the Nashville office; that the Sheriff's office in Knoxville refused to give such information; and that it was the custom and practice at the office of the Chief of Police to not answer such inquiries but to refer the person making the inquiry to the "record room." In the present case, the appellant made inquiry about the "liquor record" of the owner of the clerk in charge of the "record room" and was advised that the owner had no record for violation of the liquor laws. It is conceded that no inquiry was made of the record clerk about the owner's reputation as a violator of the liquor laws.

■ Appellee contends that remission is barred because (1) appellant did not make its inquiry at any one of the places specified in the statute, and (2) that it was not authorized to disregard the headquarters of the sheriff, the Alcohol Tax Unit, and the Chief of Police in the present case, merely

because it had been refused information from such offices in the past. We do not attempt to decide the second contention above referred to, because we are of the opinion that appellant's inquiry at the "record room" of the Chief of Police, under the circumstances confronting it, can be properly construed as an inquiry at the headquarters of the Chief of Police. The evidence shows that the appellant attempted to obtain better cooperation from the offices referred to, including a conference with the Chief of Police, that the Chief of Police told it that the "record room" would give the information and that thereafter inquiries at the Chief of Police's office were always directed to the "record room." In United States v. One 1936 Model Ford Coach, 307 U.S. 219, at page 226, 59 S.Ct. 861, 83 L.Ed. 1249, the Supreme Court pointed out that forfeitures are not favored and should be enforced only when within both letter and spirit of the law; that the statute is remedial with the purpose to afford relief where the claim is reasonable and just; and that it should liberally be construed to carry out that result. It stated that applications should be denied if the claimant has been negligent or in good conscience ought not be relieved. In this case, the appellant made the inquiry at the only place in Knoxville, which as a practical matter was available to it in attempting to comply with the purpose of the statute.

■ The District Court's ruling was based on the view that the statute required an inquiry as to both "record" and "reputation," and failure to inquire as to "reputation", where such an inquiry would have disclosed a reputation was not a compliance with the statutory provisions. We agree with that construction of the statute. Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764; United States v. One Ford Coupe, D.C., 40 F.Supp. 540; United States v. One 1936 Model Ford, D.C., 20 F.Supp. 607.

■ We also agree with appellee's contention that "reputation," as the term is used in the statute, means reputation among law enforcement officers rather than a general reputation among the people in the community. United States v. Ford Truck, 3 Cir., 115 F.2d 864; United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F. 2d 516; United States v. 1940 Ford Coach Automobile, D.C.W.D.Ky., 43 F.Supp. 593; United States v. McArthur, 5 Cir., 117 F. 2d 343.

However, it is our view in the present case that even if an inquiry about the owner's reputation had been made of the record clerk, it would not have disclosed any such reputation. The record clerk testified that she was employed by the Knoxville Police Department, worked as a typist, and typed up the criminal records and misdemeanor records made from the jail docket and from fingerprint records; that she kept a record of search warrants issued, but kept no list of persons suspected of violating the law unless they had been arrested; that her records bearing on reputation were those dealing with drunkenness and prostitution; and that it was not her job to keep up with the general reputation of persons on whom she had records. She further testified that although she had answered inquiries from the appellant's representative, she had no independent recollection of this particular occasion, and that when he did make inquiry about anyone she gave him all the information she had. She at no time said that the owner had a reputation for violating the liquor laws, or that she knew anything about it. Failure to make the necessary inquiry does not bar the right of the claimant to remission; in such cases the claimant merely assumes the risk of any record or reputation which the inquiry would have disclosed. Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388; United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F.2d 516, 519; United States v. One 1940 Ford Coach Automobile, D.C. W.D.Ky., 43 Fed.Supp. 593, 595.

■ The fact that certain law enforcement officers elsewhere had information about violations of the liquor laws on the part of the owner does not defeat the right to remission. United States v. One 1939 Model De Soto Coupe, 10 Cir., 119 F.2d 516, 519–520.

The judgment of the District Court is reversed and the case remanded for further proceedings consistent with the views expressed herein.