## UNITED STATES

v.

## ONE 1951 CHEVROLET DELIVERY SEDAN et al.

No. 12499.

United States District Court,
E. D. Michigan, S. D.

Oct. 15, 1953.

Fred. W. Kaess, U. S. Atty., and Ronald L. Greenberg, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Earl L. Phillips, Pontiac, Mich., for defendant.

KOSCINSKI, District Judge.

Under a Search Warrant duly issued agents of the Alcohol and Tobacco Tax Division, United States Internal Revenue Service, seized one 1951 Chevrolet Delivery Sedan, bearing 1952 Michigan License No. 7788–CN, Serial No. 1JJ–F19600, Engine No. JAA–724906, and all of its equipment and accessories, from a garage located on premises at 32,201 Hull Road, Farmington Township, Oakland County, Michigan, for violation of United States Revenue Laws relating to payment of liquor tax.

In this libel of information proceeding the Government seeks forfeiture to the United States of this vehicle under provisions of Sections 3116 and 3321(a), Title 26 U.S.C.A.

The owner of the car is Aubrey A. Whitledge. His car was in the garage to which he had a key which he used to open the doors of the garage for the Federal Agents. In the car they found 72 empty one-gallon glass jugs of the type found to be used in packaging the distilled spirits manufactured at the premises, also four cartons, each carton containing four one-gallon glass jugs full of illicit liquor, tax unstamped. There was also found in the garage a 1–50 gallon copper still, set up, but not in operation; 1–35 gallon condenser and coils; 1–5 gallon copper thumper; 20–50 gallon wooden barrels, containing: 1,000 gallons of mash; 4–2 jet gas burners; 1–15 gallon crock; 1–Kenmore oil heater; 3–1 gallon glass jugs, containing: 2½ gallons of "Moonshine" whiskey; 26–1 gallon glass jugs, containing: 25½ gallons of "Moonshine" whiskey; 83–1 gallon glass jugs, empty; 3–5 gallon cans, empty; 1–10 gallon can, empty; 1–funnel; 1–5 gallon keg, empty; 2–electric fans; 200–jug caps; 50–corks; 100 lbs. spent corn; 27–25 lb. bags sugar.

The vehicle was being used unlawfully for the removal, deposit and concealment of a quantity of material, utensils and vessels as described, which were used in the manufacture of the tax unpaid whiskey, in violation of Title 26 U.S.C.A. §§ 3116 and 3321(a).

The vehicle involved was purchased by Aubrey A. Whitledge from the Blakeslee Motor Sales, Inc., of 32715 Grand River Avenue, Farmington, Oakland County, Michigan, for $1,541.85 on a conditional sales contract, with a total down payment of $386.85, and a balance due and owing as of May 5, 1952, of $1,155. The monthly payments on the balance due were $53.90.

Concurrent with the date of sale of the vehicle to Whitledge, the seller assigned its interest in the contract to the Farmington State Bank which filed a response to the libel of information claiming a remission of the forfeiture under Title 18 U.S.C.A. § 3617(b) (3) on the grounds of being a good faith assignee of the seller's interest in the contract, and that it had no knowledge of any unlawful use of the vehicle.

Aubrey A. Whitledge was present in court when testimony was taken as to the issues involved, and interposed no defense to the forfeiture of his interest in the vehicle.

Russell B. Reader, Assistant Vice-President of the Farmington State Bank, testified on behalf of the Bank and stated that at the time of the court hearing there was a balance of $808.50 due on the conditional sales contract from Whitledge to the Bank. He admitted that neither the Bank, nor any of its officers or agents made any inquiry as to the record or reputation of Whitledge as a liquor law violator in the locality in which Whitledge resided or where the conditional sales contract was entered into, or at any of the places specified in Subdivision (b) of Section 3617 prior to becoming assignee of the seller's interest in the conditional sales contract relating to the vehicle here involved.

The record or reputation required to be made under the statute refers to the record and reputation which the person involved has with the law enforcement officers in the community in which he resides or where his contract of purchase was made, and of each locality in which the claimant has made any inquiry as to defendant's character or financial standing.

"Failure to make the necessary inquiry does not bar the right of the claimant to remission; in such cases the claimant merely assumes the risk of any record or reputation which the inquiry would have disclosed. Manufacturers Acceptance Corp. v. United States, 6 Cir., 193 F. 2d 622; Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516, 519; United States v. One 1940 Ford Coach Automobile, D.C.W.D. Ky., 43 F.Supp. 593, 595."

Notwithstanding claimant's failure to make the statutory inquiry in Farmington, or in Pontiac, the seat of government of Oakland County, no liquor law violation record or reputation was proven by the Government in that locality. However, the claimant did make inquiries of Sears, Roebuck Store on Grand River Avenue in Detroit and of the Joseph Schaefer Company, painters and decorators, also of Detroit, who employed Whitledge as a painter, as to Whitledge's credit reputation. The inquiry was made through claimant's agent, the Pontiac Credit Bureau. Claimant's witness admitted that an inquiry concerning Whitledge's credit was made in Wayne County. The investigation made by the Pontiac Credit Bureau elicited the fact that Whitledge was employed for over two years as a painter at the Joseph Schaefer Company which was located in Detroit.

■ The City of Detroit, as well as Wayne County are separate and distinct localities from Oakland County, the City and Township of Farmington, and the City of Pontiac. Credit inquiries necessarily reflect upon the character and financial standing of a person as to whom such inquiry is made. Having made inquiries in the City of Detroit concerning the credit rating or reputation of Whitledge the claimant was obligated under the statute to make a further inquiry in that locality concerning any record or reputation of Whitledge for being a liquor law violator. This the claimant neglected to do, thereby foreclosing its right to remission or mitigation of the forfeiture under the statute, as the Government introduced a record of Whitledge's arrest in the City of Detroit on March 25, 1931 as a liquor law violator, and his prosecution and acquittal in the Recorder's Court, because of illegal search on May 14, 1931.

■ Although Whitledge was acquitted in that case, nevertheless his arrest and prosecution on a liquor violation charge constitutes a record within the meaning and intent of the statute.

■ Where any of the conditions precedent set forth in the statute have not been met, the Court is without discretion to grant remission or mitigation of forfeiture. It is only after proof has been submitted by a claimant that each condition has been met that the matter becomes discretionary with the Court U. S. v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; U. S. v. One 1937 La Salle Sedan Automobile, 10 Cir., 116 F.2d 356; Universal Credit Co. v. U. S., 4 Cir., 111 F.2d 764; U. S. v. One 1950 Ford Sedan Automobile, D.C., 95 F. Supp. 78; U. S. v. One 1949 Chevrolet Coach, D.C., 102 F.Supp. 373; U. S. v. One Hudson Coupe, 4 Cir., 110 F.2d 300; U. S. v. National Discount Corporation, 7 Cir., 104 F.2d 611, 124 A.L.R. 283.

The case of Manufacturers Acceptance Corporation v. U. S., 6 Cir., 193 F.2d 622, is distinguishable in that claimant there made the statutory investigation, which was not done in the case at bar.

The Government may have forfeiture of the automobile. Claimant's petition for remission or mitigation is denied. United States v. One Ford Coupe, D.C.,

40 F.Supp. 540; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516; United States v. One 1949 Mercury Tudor Sedan Automobile, D.C., 87 F.Supp. 96; United States v. One 1940 Ford Coach Automobile, D.C., 43 F.Supp. 593.

Plaintiff will present form of judgment for entry within ten days.