**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1969 CHEVROLET PICKUP TRUCK,
Identification No. CE149A318676,
Defendant.**

**Civ. A. No. 2004.**

United States District Court,
W. D. Tennessee, E. D.

Feb. 9, 1971.

Kemper Durand, Asst. U. S. Atty., Memphis, Tenn., for plaintiff.

Harold F. Johnson, Murray, Murray & Johnson, Jackson, Tenn., for defendant.

## OPINION

WELLFORD, District Judge.

The United States of America has herein instituted libel action in the United States District Court for the Eastern Division of Tennessee against One 1969 Chevrolet Pickup Truck, Identification No. CE149A318676, claimed by General Motors Acceptance Corporation. The described vehicle was seized and its forfeiture is sought pursuant to Title 26, United States Code § 7301 and 7302, while being used in violation of the Internal Revenue Laws of the United States. That the vehicle was being used by the owner Sarah Jo Cromwell, in violation of the Internal Revenue Laws of the United States, is not in dispute in this proceeding. It was seized in Hardin County, Tennessee, on February 19, 1970, and at that time said vehicle contained a 110 gallon flakestand and condenser equipped and intended to be used in the making of distilled spirits, in violation of said alcohol tax laws.

The claimant-petitioner, General Motors Acceptance Corporation, has an interest in said vehicle as a result of a purchase money contract executed at the time of sale of the vehicle on November 30, 1968, and seeks remission of the forfeiture to the extent of its interest in accordance with 18 U.S.C. 3617. That section provides that the District Court shall not allow remission unless the claimant company proves (1) that it acquired its interest in good faith, (2)

that it had no reason to believe the vehicle would be used in violation of te liquor laws, and (3)

"if * * * the [claimant's] interest * * * arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor * * * that, before such claimant acquired [its] interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant * * * was informed in answer to [its] inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired [her] right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person that such other person had no such record or reputation [for violating laws of the United States or of any State relating to liquor]."

There is no dispute in the record as to the petitioner's compliance with the first two requirements set forth above. In this respect, the Court finds that the claimant, General Motors Acceptance Corporation, entered the purchase money contract regarding this vehicle in good faith and had no reason to believe the automobile would be used in violation of the liquor laws.

There was no evidence produced at the trial that Petitioner did, in fact, make any inquiries of the federal, state or local law enforcement agencies at the time of or prior to entering the financing contract, and so the sole issue remaining for determination by the Court is whether the petitioner-claimant sufficiently complied with subparagraph (b) (3) of § 3617 so as to be entitled to a remission of the forfeiture under the circumstances.

It is the contention of the United States that the statute must be interpreted literally and that a claimant who fails to make inquiry of one of the officers designated does so at his peril. On the other hand, General Motors Acceptance Corporation insists that it need not make inquiry of any law enforcement official unless there is good reason to suspect that the purchaser has a reputation or record for violating liquor laws.

A credit investigation of Sarah Jo Cromwell was made by the claimant-petitioner prior to its purchasing the installment contract. Such investigation apparently disclosed no facts which would reasonably cause any suspicion to arise as to her reputation, thus General Motors Acceptance Corporation claims that it accordingly made sufficient reasonable inquiry. To support this contention, petitioner relies heavily upon the reasoning espoused in United States v. One 1957 Chevrolet 2-door Sedan, 158 F.Supp. 212 (N.D., Ohio 1957), wherein remission under 18 U.S.C. 3617 was allowed after seizure of the vehicle by government agents. Judge John D. Martin (the former Chief Judge of the Sixth Circuit, who once sat as Judge in this Court) has held in United States v. One 1935 Ford Standard Coach Automobile, 13 F.Supp. 104 (W.D., Tenn.1935) that inquiry of law enforcement officials was required only when the automobile finance company had a reasonable suspicion of bootlegging activities on the part of a purchaser. The Court in 158 F. Supp. 212 cites not only Judge Martin's opinion, but also that of Judge Learned Hand in 93 F.2d 469 (CA2 1937) in its holding that where there was neither a criminal record nor a widespread knowledge of a purchaser's reputation, there was no requirement for a Cleveland, Ohio finance company to check with the Chief of Police, Sheriff or Alcohol Tax Unit Office.

█ No doubt only a reasonable inquiry need be made, and this Court feels that the requirements of investigation

under 18 U.S.C. 3617(b) (3) as a condition to remission should be liberally construed in favor of the claimant since it is a remedial measure intended to prevent drastic forfeiture in appropriate situations. See United States v. One 1936 Model Ford, 19 F.Supp. 470 (D.C. S.C.1937), affirmed 93 F.2d 771 (4 Cir. 1938), affirmed 305 U.S. 564, 59 S.Ct. 99, 83 L.Ed. 355, affirmed on rehearing, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249.

█ It is well settled that claimant-petitioner's failure to make the inquiry prescribed in subparagraph (3) does not, of itself, defeat its claim to remission. Manufacturers Acceptance. Corp. v. United States, 193 F.2d 622 (6 Cir. Tenn.1951); Universal Credit Co. v. United States, 91 F.2d 388 (6 Cir. 1937). Where subparagraph (3) is not complied with, the Court's power to grant remission is conditional upon the absence of any adverse record or reputation on the part of a person having ownership rights in the vehicle forfeited, under the contract from which the claimant's interest in the vehicle arises. Thus, if such a record or reputation required by the statute is not established, the claimant's right to a remission may not be defeated merely because of his failure to make inquiry pursuant to subparagraph (3). United States v. One 1958 Ford Fairlane Coach, 207 F.Supp. 583 (E.D.Tenn., 1962). Universal Credit Co. v. United States, *supra.* Conversely, if an adverse criminal record or reputation be established, claimant's failure to make the requisite inquiry places in jeopardy his claim for remission. United States v. One 1942 Plymouth Sedan Auto, 89 F.Supp. 884 (D.C. Tenn., 1950); United States v. One 1950 Ford Sedan Auto, 95 F.Supp. 78 (D.C. Tenn., 1951); United States v. One 1937 Model Chevrolet Sedan Auto., 31 F.Supp. 444 (D.C.Tenn., 1940).

█ Remission will be denied to a claimant who made no inquiry pursuant to 18 U.S.C. 3617, subparagraph (b) (3) where any one of the law enforcement officers designated in the statute would have answered, upon inquiry by the claimant, that the person inquired about had a record or reputation as a liquor law violator. Interstate Securities Co. v. United States, 151 F.2d 224 (CA10, Okla.1945); Aetna Finance Co. v. United States, 191 F.2d 63 (CA 10, Kan., 1951), see 100 L.Ed. 597–604. And this is so even though another officer might have given a negative reply. One 1951 Chevrolet Pickup Truck v. United States, 212 F.2d 662 (CA 5 Miss., 1954); United States v. One Buick Super Deluxe Convertible Sedan, 97 F. Supp. 516 (D.C.Va., 1951). Moreover, if the claimant fails to make inquiry before he acquires his interest in the vehicle, he is bound by the answer which would have been given by any one of the officers designated in subparagraph (3) had the inquiry been made. As stated by the Sixth Circuit Court of Appeals in Manufacturers Acceptance Corp. v. United States, *supra,* 193 F.2d p. 624:

"Failure to make the necessary inquiry does not bar the right of the claimant to remission; in such cases the claimant * * * assumes the risk of any record or reputation which the inquiry would have disclosed."

█ The burden of proof is upon the United States to establish by a preponderance of the evidence that Sarah Jo Cromwell had a record or reputation as a liquor law violator at the time claimant-petitioner entered into the purchase money financing agreement. United States v. One 1961 Oldsmobile, 4-Door Sedan, 250 F.Supp. 969 (D.C., S.C., 1966).

The United States on this record has sustained that burden of proof by testimony of the sheriff of Hardin County, and two Alcohol Tobacco Unit agents assigned to the Hardin County area and by state law enforcement officials. Their testimony was clearly to the effect that Sarah Jo Cromwell, as well as other members of her family, were either known or, at least, thought to be engaged in bootlegging activities. Sarah Jo Cromwell had previously been convicted for violating the Liquor laws of the State of Tennessee in 1964, (and approximately a month after this sale was

again arrested on similar charges). It is not unreasonable to assume that had General Motors Acceptance Corporation inquired of any one of the law enforcement officials, enumerated in the statute, it would have discovered purchaser Cromwell's reputation and record with respect to liquor violations.

■ The duty to inquire attaches if *either* a record *or* reputation for violating liquor laws exists. The presence of either one alone is sufficient. United States v. One 1950 Ford Sedan Automobile, 95 F.Supp. 78 (D.C.Tenn., 1951); United States v. One Ford Coupe, 40 F. Supp. 540 (D.C.Pa., 1941); Manufacturers Acceptance Corp. v. United States, *supra.* In the instant case the government has established that Sarah Jo Cromwell had *both* a prior record *and* a "bad" reputation for liquor law violations. The duty to inquire should be all the more demanding in such a situation, particularly in a rural county and community where illegal liquor activities are not uncommon.

■ The statute in question has been interpreted to mean that inquiry of only one of the specified officers is required under the statute and this seems to us to be a reasonable requirement. In United States v. One 1958 Ford Fairlane Coach, 207 F.Supp. 583 (E.D.Tenn., 1962), Judge Wilson, holding that subparagraph (3) should be construed to require only "reasonable inquiry", stated (p. 584):

"So construed, it is believed that 18 U.S.C.A. § 3617(b) (3) does not require that inquiry be made at all of the named law enforcement agencies, but rather that good faith inquiry at one or more of the named offices is all that is required to entitle a lienor to the protection of its interests. * * *"

Inquiry of at least one of the law enforcement officials designated as being a reasonable requirement under similar circumstances is supported by pertinent language in several cases. The Sixth Circuit Court of Appeals in Manufactur-

ers Acceptance Corp. v. United States, 193 F.2d 622, 624:

"The District Court's ruling was based on the view that the statute required an inquiry as to both 'record' and 'reputation,' and failure to inquire as to 'reputation', where such an inquiry would have disclosed a reputation was not a compliance with the statutory provisions. We agree with that construction of the statute. * * *"

Likewise in United States v. One 1957 Ford Fairlane 500, 304 F.2d 419 (1962), the Sixth Circuit Court of Appeals stated at p. 420:

"(T)he government * * * claims that the statute must be interpreted literally and that a claimant who fails to make inquiry of one of the law officers specified does so at his peril. * * * * * *

The statute is clear and unambiguous. Its requirement for a specific type of inquiry is so clear that there is no need to resort to a study of congressional intent. *There can be no substitute for an inquiry to one of the law enforcement agencies specified in the statute.* * * *" (Emphasis added)

■ The Court finds that absent proof of any inquiry of the Sheriff, the Chief of Police (although Cromwell's place of business and abode was apparently out in the County technically beyond the Savannah Police Chief's jurisdiction), or any Federal revenue officer in that County, General Motors Acceptance Corporation must fail in its claim, because the purchaser Cromwell's record and reputation as a violator of the liquor laws was well known in the law enforcement community of Hardin County. This burden upon the lien claimant was not an unduly onerous one in a rural area, which had shortly before the sale in question seen the establishment of a branch office for Federal Liquor law enforcement agents.

Judgment must therefore be entered for the United States of America on its libel of complainant and attachment of the vehicle in question.