**UNITED STATES of America,
Appellee,**

**v.**

**ONE 1968 INTERNATIONAL HARVESTER FARMALL–TRACTOR, MODEL NO. 140, SERIAL NO. 36726JKK, Appellant.**

**No. 71–1485.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1971.

Decided Dec. 14, 1971.

John H. Vernon, III, Burlington, N. C. (Vernon & Vernon, Burlington, N. C., on brief), for appellant.

William L. Osteen, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

In a proceeding to forfeit an International Harvester Farmall-Tractor because of its use in violation of the alcoholic beverage tax laws, Graham Production Credit Association (Graham) claimed the vehicle, alleging that it was the holder of a chattel mortgage on the vehicle. It was stipulated that the mortgagor had a reputation of at least five years' duration for dealing in nontax-paid liquor, that this reputation was known to the A.B.C. Law Enforcement Office for the county of mortgagor's residence, that the reputation was not known to Treasury agents having jurisdiction, and that the reputation was not known to the County Sheriff's office but

an inquiry to it would have been referred to the A.B.C. Law Enforcement Office. It was further stipulated that Graham, before becoming mortgagee, made no inquiries of any law enforcement office with respect to the record or reputation of the mortgagor, in compliance with 18 U.S.C.A. § 3617(b).**

For noncompliance with 18 U.S.C.A. § 3617(b), the district court denied Graham's claim, and ordered forfeiture of the vehicle. We agree.

Affirmed.

** In pertinent part, 18 U.S.C.A. § 3617(b) permits remission of a forfeiture only upon a showing that:

[B]efore such claimant acquired his interest . . . the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation [for violating laws of the United States or of any state relating to liquor].