The **UNITED STATES** of America,

v.

**ONE 1973 DODGE MAXIVAN TRUCK,
VIN B25AE3X029937.**

Civ. A. No. 73–110.

United States District Court,
N. D. Florida,
Tallahassee Division.

Nov. 14, 1973.

Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff.

Harry H. Mitchell, Tallahassee, Fla., for defendant.

## ORDER

MIDDLEBROOKS, District Judge.

### STATEMENT OF THE CASE

On July 6, 1973, the United States filed its complaint for forfeiture alleging that the owner of the vehicle, Morris L. Peterson, a resident of Gadsden County, Florida, had used said vehicle in violation of Title 26, U.S.C.A. §§ 5205(a)(2), 5604(a)(1), 7301 and 7302.

The registered owner having failed to respond to the complaint after due notice as is required by law, default was entered as to the registered owner by this Court on August 7, 1973.

Chrysler Credit Corporation, owner of a conditional sales contract covering the vehicle in question, filed its petition in this Court alleging entitlement to remission from the Secretary of the Treasury pursuant to Title 26, U.S.C.A. § 7325. (The Court would note that § 7325 applies to property valued at $2500.00 or less and that petitioner's own appraisal would value the subject vehicle at $2900.00. The petition under § 7325 is therefore suspect for want of property of the value specified in the statute.)

Subsequently, the United States filed motion for summary judgment accompanied by affidavits of the sheriff of Gadsden County, Florida, and representatives of the Alcohol, Tobacco and Firearms Bureau of the Department of the Treasury. The said affidavits indicate that the registered owner of the vehicle had a reputation for violating the Internal Revenue Laws relating to non-payment of tax on illicit liquor and had a criminal record for violating the "moonshine laws". The affidavits also reflect that no inquiry had been made to ascertain whether such reputation existed and that had such inquiry been in fact made, the information would have been furnished with reference to the registered owner's reputation. No affidavits were filed in behalf of the petitioner Chrysler Credit Corporation.

In the absence of compliance by the petitioning creditor, Chrysler Credit Corporation, with the remission requisites set forth in Title 18, U.S.C.A. § 3617(b) this Court feels that there can be no claim for remission. In this light the following findings of fact, entered herein as may be required by Rule 52, Federal Rules of Civil Procedure, are unavoidable.

## FINDINGS OF FACT

(1) The registered owner of the vehicle, Morris L. Peterson, used said vehicle, a 1973 Dodge Maxivan Truck, VIN B25AE3X029937, to transport untaxed spirits, commonly known as moonshine whiskey, in violation of the Internal Revenue Laws of the United States with reference to non-tax paid whiskey.

(2) The affidavits reflect that the registered owner had a record and reputation for violation of the laws of the United States with reference to non-tax paid whiskey.

(3) An inquiry directed to the proper law enforcement officials would have revealed the record and reputation of the registered owner.

(4) Though petitioner for remission, Chrysler Credit Corporation, had no knowledge of the reputation of the registered owner or knowledge that the vehicle would be used in the violations in question, no inquiry was made of the proper law enforcement officers or any of them.

## CONCLUSIONS OF LAW

(1) This Court has jurisdiction of the parties and subject matter of this action pursuant to Title 26, U.S.C.A. § 7323.

(2) The vehicle in question was subject to seizure under the Internal Revenue Laws of the United States, Title 26, U.S.C.A. § 7302.

(3) The petitioner Chrysler Credit Corporation is not entitled to remission of forfeiture for failure to comply with the provisions of Title 18, U.S.C.A. § 3617(b).

It appears to be well settled that claimant-petitioner's failure to make *full inquiry* as provided in § 3617 of Title 18, U.S.C.A. is not in and of itself sufficient to defeat the claim for remission. Manufacturers Acceptance Corp. v. United States, 193 F.2d 622 (6th Cir., 1951). However, remission will be denied to a claimant who has made *no inquiry* pursuant to the statute. United States v. One 1968 International Harvester Farmall Tractor, 452 F.2d 110 (4th Cir., 1971); One 1951 Chevrolet Pickup Truck v. United States, 212 F.2d 662

(5th Cir., 1954); United States v. One 1969 Chevrolet Pickup Truck, 321 F. Supp. 916 (W.D.Tenn.1971).

Claimant-petitioner, Chrysler Credit Corporation, seeking to avoid the remission requisites of Title 18, U.S.C.A. § 3617(b), has advanced the argument that since this action in forfeiture is brought under Title 26, U.S.C.A. § 7301, the provisions of § 7327 of the same Title operate to make applicable the remission provisions under the customs laws of the United States found in Title 19, U.S.C.A. § 1618. The §§ 7327 of Title 26 and 1618 of Title 19 provide respectively in pertinent part as follows:

7327 Customs Laws Applicable

"The provisions of law applicable to the remission of or mitigation by the Secretary or his delegate of forfeiture under the customs laws shall apply to forfeiture incurred or alleged to have been incurred under the internal revenue laws. . . ."

1618 Remission or mitigation of penalties

"Whenever any person interested in any . . . vehicle . . . seized under the provisions of this chapter . . . files with the Secretary of the Treasury . . . before the sale of such . . . vehicle . . . a petition for the remission or mitigation of such . . . forfeiture, the Secretary of the Treasury if he finds that such fine, penalty or forfeiture was incurred without wilful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law . . . . may remit or mitigate the same upon such terms and conditions as he deems reasonable and just . . . ."

The reasoning and argument of the claimant-petitioner overlooks the specific language of Title 26, U.S.C.A. § 7302 which the Court feels is dispositive of the issue raised here. § 7302 provides that

"Nothing in this section shall in any manner limit or affect any criminal or forfeiture provisions of the internal revenue laws, or of any other laws. The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure or forfeiture . . . shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures . . . ."

Secondly, and more importantly perhaps, assuming that § 7327 of Title 26, U.S.C.A. were applicable in this instance, the procedure employed by this claimant is suspect. Title 19, U.S.C.A. § 1618 requires that a petition be filed with the Secretary of the Treasury. Presumably, although the statute does not specify, this application is to be made *after* forfeiture to the Secretary and before further disposition of the seized property by the Secretary. Since forfeiture at this date has not occurred the filing of application with the Secretary would appear to be premature; certainly the filing of such an application with the Court addressed to the Secretary at this date can be of no avail.

The Court would note, however, that to the extent that the petitioner seeks herein a "review" of some action of the Secretary or contemplates some similar action in the future, the great weight of authority in cases construing § 1618 of Title 19, U.S.C.A. is to the effect that actions by the Secretary of the Treasury are not reviewable. United States v. One 1970 Buick Riviera, 463 F.2d 1168 (5th Cir. 1972). It is, therefore,

Ordered that the motion of the United States for summary judgment is granted and judgment is hereby entered in favor of the United States. It is further

Ordered and Adjudged that the application of the Administrator of General Services Administration is granted and the United States Marshal shall deliver said vehicle to the Regional Director, Bureau of Alcohol, Tobacco and Firearms, Atlanta, Georgia.